## The People of the State of Illinois ex rel. Ruth Collins, Appellee, v. Fred Matt, Appellant.

## Gen. No. 26,902.

1. CONTINUANCE—*securing continuances as waiver of questions of jurisdiction.* Where defendant in a bastardy proceeding secured continuances of the case from time to time, either by agreement or on motion, he thereby waived all questions of jurisdiction.

2. EVIDENCE—*when proper for defendant to introduce evidence of good character.* Whenever it is essential in a civil case to the recovery which plaintiff seeks that there must be proof against defendant of facts which constitute a criminal act and that, as a condition to such recovery, the defendant must have been guilty of a criminal intent when he did the act for which recovery is sought, it is proper for the defendant to introduce evidence of good character for the purpose of overcoming plaintiff's evidence showing criminal intent.

3. BASTARDS—*right of defendant to introduce evidence of good character.* In a bastardy proceeding, defendant is entitled to introduce evidence of his good character.

4. BASTARDS—*admissibility in evidence of statements of relatrix.* In a bastardy proceeding, statements made by relatrix tending to identify the person who was responsible for her condiiton are admissible and it is error for the court to refuse to consider such evidence.

Appeal from the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1921. Reversed and remanded. Opinion filed January 17, 1922.

CHARLES C. BARTLETT, for appellant; NORMAN P. WILLARD, of counsel.

ROBERT E. CROWE, for appellee; CLYDE C. FISHER, of counsel.

MR. JUSTICE MORRILL delivered the opinion of the court.

Appellant was found guilty in the municipal court of Chicago of being the father of a bastard child born

to the relatrix, Ruth Collins, in the City of Chicago on May 25, 1920. The complaint was filed August 9, 1920, and the warrant against appellant was issued on the following day. The case was called for trial August 31, 1920, but was continued from time to time either by agreement or on the motion of appellant, who thereby waived all questions of jurisdiction. The trial took place on September 28, 1920, before the court without a jury. The court found that appellant is the father of the child and entered judgment accordingly directing him to pay the sum of $1,100 in conformity with the statute.

Appellant seeks a reversal of this judgment, urging as reasons therefor that the court improperly refused to receive testimony as to the character of appellant; that the trial judge erred in his rulings as to the admissibility of evidence and that the judgment is contrary to the preponderance of the evidence. The record shows that at the time of the trial defendant and his counsel were present in court with sundry witnesses by whom they expected to prove the good moral character of defendant and his reputation as to chastity in the community where he lived, but that the court refused to hear this testimony upon the ground that defendant's character was not involved in the proceeding.

Our attention has not been called to any decisions of the reviewing courts of this State upon the question of the admissibility of such evidence in a proceeding of this kind. The subject, however, has been considered by text-writers and courts in other jurisdictions. While the proceeding is civil, yet, if the judgment is correct, defendant is liable to prosecution for a felony. It is said that in such a case there should be an exception to the general rule excluding testimony as to the defendant's character in civil cases and that "where a moral intent is marked and prominent in the nature of the issue," evidence as to the

defendant's good moral character should be received as in criminal cases. 1 Wigmore on Evidence, sec. 64. It frequently happens that the only testimony with which a defendant can seek to overcome the effect of suspicious circumstances is evidence of his uniform integrity and good moral character. It is apparent that in cases of doubt evidence of this character is entitled to much weight and should be received. *Hawkins v. State,* 21 N. J. L. 630; *Dally v. Overseers of Woodbridge,* 21 N. J. L. 491. Civil actions of this character are found to be the result in many cases of speculative and blackmailing enterprises. A judgment against a defendant must necessarily result in consequences of a most serious character. The issue in such a case involves not only his pecuniary condition, but also his honor and reputation and that of his family. It has been held in an action brought by a father to recover for the seduction of his daughter that an issue of this kind generally can be met only by a denial of the charge and evidence of the defendant's previous good character. *Hein v. Holdridge,* 78 Minn. 468. There seems to be no reason for the admission of evidence as to defendant's character in a criminal case for the purpose of overcoming the evidence of a criminal intent and rejecting such evidence in a civil case which requires that the same identical intent must be established in order to permit a recovery. *Hess v. Marinari,* 81 W. Va. 500. We are of the opinion that, whenever it is essential to the recovery which the plaintiff seeks, there must be proof against the defendant of facts which constitute a criminal act, as in the case at bar, and that, as a condition to such recovery, the defendant must have been guilty of a criminal intent when he did the act for which recovery is sought, it is proper for the defendant to introduce evidence of the nature. that was refused by the trial court in this case, for the purpose of overcoming the plaintiff's evidence showing the criminal intention of

the defendant.    The defendant's case was undoubtedly prejudiced by the refusal of the court to receive such evidence.

It is also urged by appellant that the court erred in refusing to consider certain evidence and that · the judgment is contrary to the preponderance of the evidence.    We are of the opinion that evidence as to the statements made by relatrix tending to identify the person who was responsible for her unfortunate condition was admissible and that the court erred in refusing to consider the same.    In view of these errors of the trial court and the necessity of another trial, we deem it inadvisable to consider questions discussed by counsel for appellant as to the preponderance of the evidence.

The judgment of the municipal court is reversed and the case remanded.

*Reversed and remanded.*

GRIDLEY, P. J., and BARNES, J., concur.