Carl M. LOEB, Jr., Plaintiff-Appellant,

v.

Laurence HAMMOND and Kirkpatrick W. Dilling, Defendants-Appellees.

No. 16777.

United States Court of Appeals Seventh Circuit.

Feb. 25, 1969.

George C. Rabens, Chicago, Ill., for plaintiff-appellant.

G. J. Devanna, Kirkpatrick W. Dilling, Chicago, Ill., for defendants-appellees.

Before KILEY, CUMMINGS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, Carl M. Loeb, Jr., filed suit charging defendants Hammond and Dilling with fraud and deceit and conspiracy to defraud and deceive the plaintiff. The District Court directed a verdict for defendant Dilling and the jury found in favor of defendant Hammond.

Loeb and Hammond both owned interests in Florida Manganese, Inc. Part of the assets of this corporation were two mines, Rediscovery I and II. Hammond also claimed ownership of these mines separate and apart from the corporation. In October of 1960, Loeb filed suit in the Northern District of Illinois, against

Hammond and Eugene Howard, Hammond's father-in-law, charging them with various fraudulent inducements upon which he, Loeb, relied in advancing $755,000 to Florida Manganese, Inc. Hammond counterclaimed for $555,000 asserting that Loeb had overstaked the two mining claims of Hammond. While negotiations for settlement were taking place, Hammond hired a new attorney, defendant, Dilling, who then took an active role in reaching the final settlement. There is some evidence that, some time later, Loeb filed suit in New Mexico to quiet title to the disputed lands.

On June 1, 1962, Loeb and Hammond agreed to a settlement negotiated by Rabens, Loeb's attorney, and Dilling. As part of the settlement, Hammond executed the following appearance and disclaimer of June 1, 1962, which Loeb claims is a conveyance of all of Hammond's interest in the mines:

IN THE DISTRICT COURT OF LUNA COUNTY
NEW MEXICO

CARL M. LOEB, JR.,

Plaintiff,

vs.

Civil No.

LAURENCE HAMMOND, et al.,

Defendants.

APPEARANCE AND DISCLAIMER

State of Illinois }
County of Cook }  ss.

LAURENCE HAMMOND and MERIKAY H. HAMMOND, residents of Glencoe, Cook County, Illinois, both of lawful age, being first duly sworn upon oath depose and say: That they are defendants in the above entitled cause; that they acknowledge receipt of a true copy of the Complaint and Summons on file or to be filed in said cause, a copy of which is hereto attached, marked "Exhibit 'A' " and signed on each page thereof by one or more of the signatories hereto; that they hereby enter their appearance herein and waive further time for answer or notice of any kind, and, individually and as husband and wife, pursuant to the provisions of the New Mexico Statutes Annotated, 1953 Compilation, 22–14–7, disclaim any right, title, or interest adverse to the plaintiff and/or in and to the property described in the aforesaid complaint.

Further affiants saith not.

/s/ Laurence Hammond
Laurence Hammond

/s/ Merikay H. Hammond
Merikay H. Hammond

SUBSCRIBED AND SWORN to before me this 1st day of June 1962.

/s/ Lorraine Dzwigon
Notary Public

My Commission Expires: June 11, 1963

The suit in the Northern District of Illinois was then dismissed upon stipulation.

At a later date Loeb became aware that prior to the settlement of June 1, 1962, Hammond had executed a quit-

claim deed to the mines to Arthur Jones III for $2,000. Loeb, claiming the mines to be worth $50,000, then filed this action charging defendants Hammond and Dilling with fraudulently deceiving him in the negotiation and settlement.

Plaintiff claims that the District Court erred in directing a verdict for defendant Dilling. The plaintiff failed to show any evidence that Dilling was aware of the prior conveyance to Jones or that he in any way acted to defraud Loeb. The mere fact that Dilling represented Hammond in the negotiations, without more, could not support a finding of fraud. Plaintiff's reliance on Bliesener v. Baird and Warner, Inc., 88 Ill.App.2d 383, 232 N.E.2d 13 (1967), is misplaced because in *Bliesener* the real estate agent who defrauded the buyer had knowledge of the pending foreclosure. Therefore, the District Court acted properly in directing a verdict for Dilling.

Plaintiff next contends that it was error to fail to instruct the jury on exemplary and punitive damages. Under Illinois law, there must be a showing of malice in order to award punitive damages. Simon J. Carlson & Son, Inc. v. Fricke, 45 Ill.App.2d 88, 195 N.E.2d 17 (1963). Here, there was no showing of any wilful or malicious conduct, and, therefore, it was proper for the District Court to deny an instruction on punitive damages.

It was not error to refuse to permit Thomas Boodell, an attorney representing Eugene Howard, to testify as an expert witness as to the legal significance of the various papers signed by Hammond and Loeb on June 1, 1962. The question of interpretation of the contract is for the jury and the question of legal effect is for the judge. In neither case do we permit expert testimony. 3 Corbin on Contracts, § 554, 226–27 (1960). This case is distinguishable from Hiltpold v. Stern, D.C.Mun. App., 82 A.2d 123, 126, 26 A.L.R.2d 852 (1951), where the attorney was allowed to testify as to the facts surrounding the negotiations.

As to the defendant Hammond, the District Court did err by allowing Hammond to introduce testimony as to his character and reputation. The majority of courts have held that in a civil suit based on fraud, the reputation of the defendant is not in issue. See Annotations in 78 A.L.R. 643, 645. Cf. Cleary, Handbook of Illinois Evidence §§ 12.4, 12.5 (2d Ed.1963). This rule has been adopted in Illinois, McBean v. Fox, 1 Ill.App. 177 (1878), and should be applied in diversity cases. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938). Plaintiff relies on People ex rel. Collins v. Matt, 224 Ill.App. 210 (1922), to say that the Illinois law has changed. However, *Matt* was a bastardy proceeding in which the reputation of the party is in issue. Since the only evidence defendant Hammond presented is the testimony of these character witnesses, the error was prejudicial to the plaintiff. Therefore, as to defendant Hammond, this case must be remanded for a new trial. As to defendant Dilling, we affirm.

Affirmed in part, remanded in part.