568 P.2d 1114

**Lee Lyonn JAMAS, a widow, Appellant,**

**v.**

**Donald J. KRPAN and Martha Gay Krpan, husband and wife, Merrill S. Chernov, and Jane Doe Chernov, husband and wife, and NHE Community Hospital, Inc., an Arizona Corporation, Appellees.**

No. 1 CA–CIV 3240.

Court of Appeals of Arizona,
Division 1,
Department B.

May 26, 1977.

Rehearing Denied July 7, 1977.

Review Denied Sept. 13, 1977.

Pain & Julian by Harry L. Howe, Phoenix, for appellant.

Robbins, Green, O'Grady & Abbuhl, P.A. by Harriet C. Babbitt, Richard W. Abbuhl, Phoenix, for Krpans and NHE Community Hospital, Inc.

Burch, Cracchiolo, Levie, Guyer & Weyl by K. C. Weyl, Duane A. Olson, Phoenix, for Chernovs.

## OPINION

WREN, Judge.

The appellant, plaintiff below, appeals from a jury verdict in favor of the appellee physicians and a directed verdict in favor of appellee hospital. Three issues are raised by appellant: 1) whether an expert medical witness should be permitted to give an opinion as to whether a physician's negligence was simple or gross, 2) whether it was error for the jury to be instructed on contributory negligence, and 3) whether an agency relationship was established between Dr. Krpan and the hospital thereby making the directed verdict improper. We affirm on all issues.

Appellant contends that the following testimony of her expert witness was proper and should not have been stricken:

"Q. Doctor Kampfer, do you have an opinion whether or not the violation of the standard of care you so described was just the matter of simple negligence or gross negligence?

"A. I would have to consider that as gross negligence."

This testimony was received without objection but later, in chambers, appellee Krpan's attorney moved to strike it and requested that the jury be admonished to disregard it. The motion was granted. Although the testimony was not properly objected to when it was given, it was within the trial court's discretion to grant the motion to strike. 75 Am.Jur.2d, Trial, §§ 166, 177.

It is well-established that in a medical malpractice case, the negligence of the physician must be proved by expert medical testimony unless the negligence was so grossly apparent that a lay person could easily recognize it. *Riedisser v. Nelson*, 111 Ariz. 542, 534 P.2d 1052 (1975); *Tessitore v. McGilvra*, 105 Ariz. 91, 459 P.2d 716 (1969); *Falcher v. St. Luke's Hospital Medical Center*, 19 Ariz.App. 247, 506 P.2d 287 (1973). Appellant urges that we go one step further and permit the medical expert to give an opinion as to whether the negligence was simple or gross. Such testimony, we believe, would improperly invade the province of the jury. Although a jury may not be competent to determine medical malpractice without the aid of expert testimony that the physician had deviated from the accepted standard of care, it does not necessarily follow that the jury, having been informed of community standards, is incompetent to judge the nature or gravity of the deviation; i. e., whether it was simple negligence or reckless disregard of the safety of the patient. Appellant has cited no authority which would permit such testimony and we find it improper and correctly stricken.

Appellant also argues that there was insufficient evidence on contributory negligence to warrant a jury instruction. In Arizona, the question of contributory negligence must always be left to the jury. Arizona Constitution, Article 18 Section 5. Only where *no* reasonable evidence of contributory negligence has been presented can the trial court refuse to instruct the jury on the defense of contributory negligence. *Sax v. Kopelman*, 96 Ariz. 394, 396 P.2d 17 (1964). Appellant asserts that no such reasonable evidence was presented.

Our review of the evidence shows the contrary. The appellees offered testimony that appellant had been told to return to have her breasts re-examined, that appellant was knowledgeable about the significance of breast lumps and that appellant

failed to reveal her history of breast lumps to physicians performing subsequent examinations. Clearly this testimony created a jury question on contributory negligence. The trial judge, therefore correctly gave a contributory negligence instruction.

Because we are affirming the jury's verdict in favor of the appellees, Dr. Krpan and Dr. Chernov, the question of whether an agency relationship existed between Dr. Krpan and the hospital is moot.

Judgment affirmed.

SCHROEDER, P. J., and EUBANK, J., concurring.