UNITED STATES of America, Appellee,

v.

Alan SCOP, Raphael Bloom, Herbert Stone and Jack Ringer, Defendants–Appellants.

Nos. 393, 391, 408 and 392, Dockets 87–1255, 87–1261, 87–1262 and 87–1270.

United States Court of Appeals, Second Circuit.

Aug. 26, 1988.

**6**

Before PIERCE, WINTER and MINER, Circuit Judges.

ON PETITION FOR REHEARING

WINTER, Circuit Judge:

We grant rehearing in the instant case, as requested by defendants Raphael Bloom and Herbert Stone, to reconsider their convictions for perjury. Familiarity with our prior opinion, 846 F.2d 135 (2d Cir.1988), is assumed. In that decision, we reversed the conspiracy and mail and securities fraud convictions of defendants because the government's expert witness was wrongly allowed to give opinions that embodied legal conclusions and were based on that witness's assessment of the credibility of the testimony of other witnesses. However, we affirmed the convictions of defendants Bloom and Stone for perjury under 18 U.S.C. § 1623 (1982), after determining that their challenges to those convictions were without merit.

Defendants' petitions for rehearing argue that the subject of the perjury was closely related to the subject of the improper opinion testimony and that the principal witness on the perjury count was the witness to whose credibility the government's expert witness had attested. We agree. The allegedly perjurious answers were to questions that used the term "manipulation," which was also used in the improper opinion testimony, and that involved the conduct of Sarcinelli, whose credibility was improperly bolstered by the expert.

Specifically, Bloom was charged with perjury based on the following grand jury testimony:

Q. Do you have any knowledge concerning Mr. Sarcinelli manipulating any of the stocks that were discussed here today?

A: I don't, no. I knew he was active in some of these stocks or he had an active interest in them, but most of them never did anything anyway, so far as I know.

Q: Do you have any knowledge of Mr. Kimmis or Mr. Quinn manipulating the stocks we've been talking about?

A: I don't have any knowledge of that, no.

Q: Do you know [sic] any knowledge of them or anyone else using European Auto, Sundance, TONM, Enerdine for purposes of either manipulating those stocks or for laundering illegal money?

A: I really don't know.

The indictment maintains that the above statements were perjurious because:

[I]n truth and in fact, as defendant Bloom then well knew, during at least 1980 and 1981, he had participated in a scheme with defendant Sarcinelli and others to manipulate the price of European Auto common stock and had facilitated the matching of trades by defendant Sarcinelli.

Stone was accused of perjury on the basis of testimony similar to that of Bloom. Stone testified as follows:

Q: Were you involved with Mr. Sarcinelli in attempting to match trades and manipulate the price of European Auto?

A: Absolutely not.

Q: Or Sundance?

A: Absolutely not.

Q: Any of the others?

A: No stock at all. I've never been involved with manipulating anything of any consequence, never.

\* \* \* \* \* \*

Q: Are you familiar at all with anything going on in the New York area by stockbrokers, specifically people like Mr. Scop, Mr. Ringer, Mr. Fagin, people like that, for purposes of manipulating penny stocks?

A: Not to my knowledge.

Q: Do you have any knowledge of any improper involvement on their part on any of the stocks I've named previously, Sundance?

A: No.

Q: European Auto?

A: European Auto we were involved in. There was nothing done illegally there, to my knowledge.

\* \* \* \* \* \*

Q: One question that I generally ask witnesses in your situation, Mr. Stone: Is there anything that you would like to add or any areas that you think we should be looking into in pursuing the inquiry that we are pursuing?

A: All I want to say is that I had no involvement with Mr. Sarcinelli in any way, shape or form in any of the things this man has done. That's all I can tell you.

Q: I assume by that you also mean you've had no involvement with anybody else concerning the manipulation of stock?

A: Absolutely none to manipulate any stock. I've had none in his other dealings or anything like that.

The indictment charged that the foregoing statements were false because defendant Stone purportedly knew "he had participated in a scheme with defendant Sarcinelli and others to manipulate the price of European Auto common stock."

■ The perjury charges thus focused on two areas: (i) whether the defendants knew of or had participated in the "manipulation" of European Auto Stock; and (ii) whether Bloom and/or Stone knew of Sarcinelli's participation in this "manipulation." We agree with defendants that the improper expert testimony related to the perjury as well as conspiracy and mail and securities fraud charges. The only question, therefore, is whether the failure of defendants to argue on their appeal that a relationship between the improper opinion testimony and their perjury convictions existed bars relief on rehearing. Given the evident injustice in allowing the perjury convictions to stand, the fact that the government has been allowed to respond to the defendants' petition for rehearing, and that relief can be granted without excessive expenditure of judicial resources, we grant the petition for rehearing and reverse the perjury convictions of defendants Bloom and Stone.