NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GRANT BRADLEY BIGHORSE, *Appellant*.

No. 1 CA-CR 21-0461
FILED 10-13-2022

Appeal from the Superior Court in Coconino County
No. S0300CR202100020
The Honorable Cathleen Brown Nichols, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Jacob R. Lines
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

---

**W I L L I A M S**, Judge:

¶1      Grant Bighorse appeals his conviction and sentence for one count of misconduct involving weapons. For reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2      One October 2020 afternoon, two Flagstaff police officers looked for a shoplifting suspect at a local park. Bighorse was at the park, holding clothing similar to what the suspect was wearing. As the officers spoke with Bighorse, he scooped up his backpack and placed it on a park table with his other belongings.

¶3      The officers noticed a knife with a seven-inch blade on the table. The officers ruled out Bighorse as their shoplifting suspect, but became concerned he might be prohibited from possessing the knife. The officers arrested Bighorse once they confirmed he was a prohibited possessor. The State charged Bighorse with one count of misconduct involving weapons, a class four felony.

¶4      Before trial, Bighorse moved for dismissal, arguing the charging information was legally insufficient. He contended that Arizona law "only suspends the right of an individual to possess a firearm," not a knife. Bighorse also moved *in limine* to "preclude any opinions by any officers regarding the ultimate issue" of whether the knife was a deadly weapon.

¶5      At a pre-trial motions hearing, the court denied Bighorse's motion to dismiss. As to the motion *in limine*, the court instructed that officers could testify whether the knife was "designed for lethal use" but that the State could not ask "a question that [went] to the ultimate issue" —whether the knife was a deadly weapon. The court informed Bighorse he could object at trial to any "improper" question asked on the issue.

¶6      At trial, the State called Detective Hansen to testify about the knife's physical properties, as well as Bighorse's status as a prohibited

possessor. Over Bighorse's objection, the detective testified about his background as both a peace officer and a recreational hunter, knives he used or encountered as a peace officer and hunter, and how a blade's length affects the knife's use. The detective opined that the knife was designed for lethal use and that it was a deadly weapon.

**¶7**      The jury convicted Bighorse as charged, and the court sentenced him as a category three repetitive offender to a mitigated term of six years imprisonment. Bighorse timely appealed.

**¶8**      We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶9**      Bighorse contends the trial court erred by (1) denying his motion to dismiss, and (2) allowing the detective to testify that the knife was a "lethal weapon."

### I.      Motion To Dismiss

**¶10**      We review a trial court's denial of a motion to dismiss for an abuse of discretion, but we review questions of constitutional law and statutory interpretation de novo. *State v. Holmes*, 250 Ariz. 311, 313, ¶ 5 (App. 2020). When interpreting statutes, our aim is to give effect to the legislature's intent as evinced by the statute's plain language. *Glazer v. State*, 244 Ariz. 612, 614, ¶ 9 (2018); *see State v. Burbey*, 243 Ariz. 145, 147, ¶ 7 (2017). We analyze specific statutory provisions both in context of the statute as a whole, as well as with other related statutes. *Glazer*, 244 Ariz. at 614, ¶ 10.

**¶11**      Bighorse contends that prohibited possessors are not precluded from possessing a knife, only "a firearm, or a listed prohibited weapon . . . defined in A.R.S. § [13-]3101(A)(8)." We disagree.

**¶12**      Section 13-3102(A)(4) is clear and unambiguous: "A person commits misconduct involving weapons by knowingly . . . [p]ossessing a deadly weapon . . . if such a person is a prohibited possessor." A "deadly weapon" is "anything that is designed for lethal use," including a firearm. A.R.S. § 13-3101(A)(1). A prohibited possessor is "any person . . . [w]ho has been convicted . . . of a felony. . . and whose civil right to possess or carry a firearm has not been restored." A.R.S. § 13-3101(A)(7)(b).

**¶13**      Bighorse concedes that § 13-3102(A)(4) "standing alone is interpretable," but contends that when "read in conjunction" with several

other statutes, one "cannot discern its proper application." He points to § 13-904(A)(5) (felony conviction suspends the right to possess a firearm); § 13-907(C) (automatic restoration of rights for a first time serious or dangerous felony offender does not include restoration of the right to possess a firearm); and § 13-908(A) (upon final discharge from probation or prison a felon may apply for restoration of the right to possess a firearm) to argue that the right expressly prohibited for a felon is the right to possess a firearm, not the right to possess a knife.

¶14　　Bighorse's reading, however, would render the definition of "deadly weapon" in § 13-3101(A)(1) unnecessary. The statute expressly states that a deadly weapon "includes a firearm." If a firearm were the only deadly weapon, there would be no need for the definition to "include[] a firearm." *See State v. Moerman*, 182 Ariz. 255, 260 (App. 1994) (noting a presumption that the legislature does not include provisions that are "redundant, void, inert, trivial, superfluous, or contradictory."). Together, sections 13-3101(A)(1) and -3102(A)(4) prohibit a felon from possessing not just a firearm, but "anything that is designed for lethal use." This court has held in other decisions that § 13-3102 applies to non-firearm weapons. *See, e.g., State v. Clevidence*, 153 Ariz. 295, 301 (App. 1987); *see also State v. Haggerty*, 1 CA-CR 07-0086, 2008 WL 4358684, at *3, ¶¶ 10-11 (Ariz. App. Sept. 25, 2008) (mem. decision); *State v. Ewing*, 1 CA–CR 10–0903, 2011 WL 5964515, at *4, ¶¶ 14-15 (Ariz. App. Nov. 29, 2011) (mem. decision); *State v. Will*, 2 CA–CR 2011–0097, 2012 WL 1655839, at *2, ¶ 9 (Ariz. App. May 10, 2012) (mem. decision).

¶15　　Bighorse also argues for the first time on appeal that § 13-3102(A)(4) is unconstitutionally vague. Because he did not raise the issue with the trial court, he has waived his argument on appeal. *State v. Lopez*, 170 Ariz. 112, 117 (1991) (holding that a party waived a constitutional claim by not raising it at the trial court).

*II.　Expert Testimony*

¶16　　Expert testimony "is not objectionable just because it embraces an ultimate issue" in a case. Ariz. R. Evid. 704(a). However, such testimony must be helpful to a trier of fact, and it must refrain from merely delivering legal conclusions that tell a jury how to decide a case. *Webb v. Omni Block, Inc.*, 216 Ariz. 349, 353, ¶ 12 (App. 2007). Though expert testimony should not merely "parrot[] the words of [a] statute," it is not invalid simply because it includes or uses terms with a factual meaning that also appear in a statute. *Fuenning v. Superior Court*, 139 Ariz. 590, 605 (1983);

*see Webb*, 216 Ariz. at 535, ¶ 13. We review admission of expert testimony for an abuse of discretion. *State v. Chappell*, 225 Ariz. 229, 235, ¶ 16 (2010).

**¶17**        Bighorse contends the trial court erred when it allowed Detective Hansen to testify about the knife's designed purpose. More specifically, Bighorse argues the detective's testimony was improper because the trial court "made a pre-trial determination that expert testimony was unnecessary." He mischaracterizes the court's ruling. The court ruled that, subject to proper foundation, the State could "elicit from the law enforcement witnesses" testimony regarding whether the knife had "been designed for lethal use."

**¶18**        Bighorse also takes issue with the following question the State asked the detective: "So to be clear, based on both your personal and now your professional experience, is the knife in question in this case a deadly weapon?" The detective answered, "Yes." We share Bighorse's frustration with the State's question insofar as the prosecutor expressly stated at the pretrial conference, "the State's not going to elicit testimony about the ultimate issue if the knife is a deadly weapon or not," and "we certainly wouldn't have the [detective] testify that the knife itself is a deadly weapon."

**¶19**        But the detective's testimony was not a bare legal conclusion that told the jury what verdict was appropriate. He provided a factual basis from his own personal use and professional experience with knives, concluding that the knife was a deadly weapon. An expert opinion with relevant factual foundation, even on an ultimate issue, is not a legal conclusion. *See State v. Carreon*, 151 Ariz. 615, 617 (App. 1986) (holding that officer testimony on whether "drugs were possessed for sale" did not impermissibly instruct a jury). Though the detective's testimony was not necessary for the jury to conclude the knife was a deadly weapon, we cannot say the court abused its discretion in allowing it. *See State v. Palenkas*, 188 Ariz. 201, 212 n. 7 (App. 1996) ("We overturn convictions for prejudicial error, not to punish prosecutors for improper comments.").

**¶20**        Finally, Bighorse contends the detective's testimony was irrelevant and overly prejudicial. The threshold for relevance, however, is low, requiring only that evidence make some fact of consequence "more or less probable than it would be without the evidence." Ariz. R. Evid. 401; *State v. Tucker*, 215 Ariz. 298, 313, ¶¶ 47, 51 (2007). And Bighorse has not shown how the testimony prejudiced him. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) ("Merely mentioning an argument in an

appellate opening brief is insufficient."). On this record, Bighorse has shown no error.

## CONCLUSION

**¶21** For the foregoing reasons, we affirm Bighorse's conviction and sentence.

