NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SARA FORD, *Petitioner/Appellee,*

*v.*

SEAN P. ERICKSON, *Respondent/Appellant.*

No. 1 CA-CV 22-0387 FC
FILED 4-13-2023

Appeal from the Superior Court in Maricopa County
No. FC2019-007892
The Honorable Tracey Westerhausen, Judge

**AFFIRMED**

COUNSEL

Glickstein Law, PLLC, Phoenix
By Falynn S. Baum
*Co-Counsel for Petitioner/Appellee*

Hoffman Legal, LLC, Phoenix
By Amy Wilkins Hoffman
*Co-Counsel for Petitioner/Appellee*

Sean P. Erickson, Phoenix
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

---

**B A I L E Y**, Judge:

¶1 Sean P. Erickson ("Husband") appeals the superior court's order enforcing a post-nuptial agreement with Sara Ford ("Wife"). He argues the court abused its discretion by (1) excluding his expert witness on California law, and (2) failing to make sufficient findings of fact and conclusions of law. We disagree and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2 In 2001, the parties married in California. About one year later, the parties, each represented by counsel, entered a post-nuptial agreement.

¶3 In 2018, the parties moved to Arizona. In September 2019, Wife petitioned for dissolution, alleging the post-nuptial agreement "controls the division of property, debt and spousal maintenance." Husband acknowledged the agreement, but claimed it was "unconscionable and against public policy."

¶4 Wife moved for partial summary judgment declaring the post-nuptial agreement valid and enforceable. Husband responded that the agreement was "unconscionable, inequitable, and unfair." Both parties relied exclusively on Arizona law for their arguments.

¶5 The court first granted Wife's motion for summary judgment as to the validity of the post-nuptial agreement, but later granted Husband's *pro se* motion to set aside that ruling based on a California choice-of-law provision in the agreement. The court directed the parties to file new motions for summary judgment on or before July 16, 2021. The court also denied Husband's motion to introduce an expert opinion on California law.

¶6 Husband and Wife cross-moved for partial summary judgment on July 16, but Husband neglected to file a separate statement of facts until July 19. Wife argued the post-nuptial agreement was valid and

enforceable under California law. Husband disagreed, pointing to an expert opinion on California law. A few days later, Husband requested findings of fact and conclusions of law pursuant to Rule 82(a), Ariz. R. Fam. Law P.

¶7 Wife then moved to dismiss Husband's motion for partial summary judgment based on his untimely statement of facts and objected to his expert witness on California law based on the court's prior order.

¶8 The superior court dismissed Husband's motion for partial summary judgment in October 2021, concluding it was "not a motion for summary judgment at all," and Husband's untimely statement of facts did not comply with the court's previous order. The court later sustained Wife's objection to Husband's expert witness and denied Wife's motion for partial summary judgment, finding genuine issues of material fact precluded summary judgment.

¶9 The next day, the court ordered the parties to provide joint or separate pretrial statements by December 1, 2021. Wife timely filed a separate pretrial statement and a memorandum of points and authorities. Husband filed no pretrial statement.

¶10 At trial, the court heard testimony regarding the agreement's formation, the parties' negotiations and disclosures, and Husband's contention that the agreement was waived because the parties did not adhere to its terms. When Husband began to testify about the effect of California law on the agreement, Wife's counsel objected. The court sustained the objection based on its prior rulings.

¶11 After taking the matter under advisement, the court made factual findings and held the post-nuptial agreement was enforceable under California law.

¶12 We have jurisdiction over Husband's timely appeal. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A)(1).

**DISCUSSION**

I. Exclusion of Expert Witness on California Law

¶13 Husband argues the superior court abused its discretion by excluding his expert on California law.

3

**¶14**      We review the decision whether to admit expert testimony for an abuse of discretion. *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 505 (1996); *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532, 543, ¶ 33 (App. 2004). "The test for whether a person is an expert is whether a jury can receive help on a particular subject from the witness." *Webb v. Omni Block, Inc.*, 216 Ariz. 349, 352, ¶ 8 (App. 2007) (citation omitted).

**¶15**      Husband maintains that under Arizona Rule of Evidence 702, the court should have allowed him to present expert testimony interpreting the parties' post-nuptial agreement. A witness who is qualified as an expert may testify in the form of an opinion if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Ariz. R. Evid. 702(a). An opinion that embraces an ultimate issue is not automatically objectionable. Ariz. R. Evid. 704.

**¶16**      Even so, opinion testimony need not be automatically admitted. Testimony about ultimate issues may be excluded if it tells the factfinder how to decide the case or is otherwise unhelpful. *Webb*, 216 Ariz. at 353, ¶ 14. Moreover, a superior court judge is already considered an expert on the law. *See* Ariz. Const. art. 6, § 27 (providing that judges "shall declare the law" to juries); *see also Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 510 (2d Cir. 1977) ("The special legal knowledge of the judge makes the witness' testimony superfluous." (citation omitted)); *Loeb v. Hammond*, 407 F.2d 779, 781 (7th Cir. 1969) ("The question of interpretation of the contract is for the jury and the question of legal effect is for the judge. In neither case do we permit expert testimony." (citation omitted)).

**¶17**      Husband does not explain how the expert's report would have helped the superior court in understanding the evidence or determining a fact in issue, how California law supports his position that the post-nuptial agreement was unenforceable, how the court's ruling misapplied California law, or how, had his expert and the expert's report been admitted, the result would have been different. On this record, Husband has not shown that the superior court's decision to exclude his legal expert and rely on its own interpretation of the law constituted an abuse of discretion.

**¶18** Husband further argues the superior court denied him procedural due process when it excluded his expert on California law.[1] We review *de novo* an alleged due process violation. *Griffin Found. v. Ariz. State Ret. Sys.*, 244 Ariz. 508, 517, ¶ 25 (App. 2018).

**¶19** "Procedural due process means that a party had the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106-07, ¶ 20 (App. 1999) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). "The elements of procedural due process are notice and an opportunity to be heard." *Id.* at 107, ¶ 20 (quoting *Iphaar v. Indus. Comm'n*, 171 Ariz. 423, 426 (App. 1992)).

**¶20** Husband received due process. Even assuming Husband has not waived his argument by failing to file a pretrial statement[2] or otherwise raise any due process issue before trial, *see Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349, ¶ 17 (App. 2007), we find no denial of due process. In the superior court's ruling granting his motion to set aside, Husband was placed on notice that although he could retain a California attorney, the court would not admit an expert on California law. Nevertheless, Husband relied on the opinions of a purported California legal expert in his motion for partial summary judgment. When Wife objected, Husband argued that he believed the court's earlier ruling simply meant his legal expert could still testify as *his* expert, just not as the *court's* expert, and the expert's report could still be admitted into evidence. Husband had a full opportunity to be heard before the court sustained Wife's objection.[3]

---

[1] In his brief, Husband does not claim he was denied substantive due process. He also has not identified a constitutionally protected liberty or property interest necessary to make a substantive due process claim. *Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 568, ¶ 44 (App. 2003); *accord Alpha, LLC v. Dartt*, 232 Ariz. 303, 308, ¶ 23 (App. 2013).

[2] *See* Ariz. R. Fam. Law P. 76.1(e)(7) (requiring pretrial statements to include "detailed and concise statements of contested issues of fact and law"); *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19 (App. 2007) ("The pretrial statement controls the subsequent course of the litigation." (citation omitted)).

[3] While the parties litigated the issue of Husband's expert, Husband also moved to compel discovery, in which he again discussed his expert

**¶21** Additionally, at trial, Husband again tried to get portions of his expert's report in through his own testimony, but despite his argument, the court denied his attempt to do so. Husband thus had multiple opportunities to urge the court's acceptance of his expert's report, and he was not denied procedural due process.

## II. Sufficiency of the Findings of Fact and Conclusions of Law

**¶22** Husband also argues that the superior court's findings of fact and conclusions of law were insufficient. He contends that when he compares his expert's report with the court's ruling, he finds "noticeable deficiencies" in the ruling, which he does not believe is sufficiently supported by "California case history and statutes." He does not explain what these alleged deficiencies are, however, or how the result would have been different had they not occurred.

**¶23** We review the superior court's findings of fact for an abuse of discretion. *Great W. Bank v. LJC Dev., LLC*, 238 Ariz. 470, 478, ¶ 22 (App. 2015). We do not substitute our judgment for the superior court's and will reverse only if its findings are clearly erroneous. *Id.* The purpose behind requiring the superior court, upon request, to make findings of fact, is to enable this court to examine the basis upon which the superior court relied in reaching its judgment. *Ellingson v. Fuller*, 20 Ariz. App. 456, 460 (1973). Findings of fact satisfy this requirement if they are sufficient to allow an appellate court "to test the validity of the judgment." *Gilliland v. Rodriguez*, 77 Ariz. 163, 167 (1954).

**¶24** Even assuming Husband has not waived his argument by failing to reference case law or statutes supporting an argument that the superior court misapplied California law, *see* ARCAP 13(a)(7)(A); *Lunney v. State*, 244 Ariz. 170, 182, ¶ 45 (App. 2017); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009), we find no reversible error.

**¶25** First, a court need not set forth findings or conclusions in ruling on a motion to exclude expert testimony under Rule 82(a)(2).

**¶26** Second, after the evidentiary hearing, the superior court issued a seven-page order thoroughly analyzing the evidence supporting Husband's claims and interpreting California statutory and case law. That

---

and the expert's need to review documents and possibly provide an amended report. After allowing Husband this additional opportunity to be heard, and considering Husband's reply to Wife's response, the court denied his motion.

order was sufficient for this court to evaluate the basis for the court's ruling. *See Ellingson*, 20 Ariz. App. at 460. The court addressed Husband's arguments that the post-nuptial agreement provisions regarding spousal maintenance and property were unfair and unconscionable, that he signed the agreement under duress or undue influence, and that the parties never followed the agreement, resulting in waiver.

¶27 In its review, the court considered Husband's arguments in the context of California contract law, the California Family Code, and California case law, including *In re Marriage of Pendleton & Fireman*, 5 P.3d 839 (Cal. 2000), *In re Marriage of Burkle*, 43 Cal. Rptr. 3d 181 (Cal. Ct. App. 2006), and *In re Marriage of Friedman*, 122 Cal. Rptr. 2d 412 (Cal. Ct. App. 2002). The court found that a spousal support waiver in a marital agreement was not per se unenforceable when executed by intelligent, well-educated persons, each of whom appeared to be self-sufficient in property and earning ability and had the advice of counsel regarding their rights and obligations as marital partners at the time they executed the agreement. The court also found that negotiations had occurred, at least some concerns of Husband's counsel to the proposed agreement had been addressed, Husband had agreed to waive spousal support, and, under the agreement, Husband could choose to apply his income to his retirement accounts. The court concluded Wife had not gained an unfair advantage and Husband "received exactly what he bargained for."

¶28 The court further found that any presumption of duress or undue influence "was dispelled by the evidence," including the months-long negotiation, presence of a notary, and cooling-off period. As to Husband's argument that he only signed because Wife threatened to annul the marriage if he did not immediately sign, the superior court did "not find Husband credible," noted evidence to the contrary, and found no other evidence to show Wife had made this threat. And as for Husband's argument that the parties never abided by the agreement, the court found that the agreement had anticipated this circumstance by providing that the waiver of any breach of the agreement "shall not" be considered a waiver of any subsequent breach of any term, covenant, or condition. Moreover, the court noted that Husband had identified no conduct by Wife that waived the spousal support or property provisions. The court's findings and legal conclusions are supported by both the record and California law.

¶29 The superior court made sufficient findings of fact and conclusions of law in its analysis of the post-nuptial agreement under California law, and we find no abuse of the court's discretion.

### III.      Attorneys' Fees and Costs on Appeal

**¶30**          Wife requests her attorneys' fees and costs on appeal under A.R.S. § 25-324, citing "the unreasonableness of Husband's positions taken in this appeal."  In our discretion, we deny her request for attorneys' fees but award her taxable costs upon compliance with Rule 21, ARCAP.

## CONCLUSION

**¶31**          The superior court's order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  CC