722 P.2d 386

**Harold Henry GOOD, a single person, Plaintiff/Appellee,**

**v.**

**CITY OF GLENDALE, a municipal corporation, Defendant/Appellant.**

**No. 2 CA–CIV 5709.**

Court of Appeals of Arizona, Division 2, Department A.

June 11, 1986.

Hill, Savoy & Ensign by John E. Savoy, Phoenix, for plaintiff/appellee.

Peter Van Haren, Glendale City Atty., by Richard A. Stewart, Glendale, for defendant/appellant.

## OPINION

HOWARD, Presiding Judge.

This is an appeal from a $125,000 jury verdict in a personal injury action. The plaintiff was shot six times by Glendale police officers when they burst into his house in an attempt to serve a search warrant. The plaintiff sued the officers and the city for willful, wanton and intentional infliction of injury and for negligent instruction, supervision and training. The claims against the individual officers were dismissed with prejudice prior to trial.

At trial the city contended that the officers acted in self-defense when the plaintiff threatened them with a rifle. The plaintiff testified that he picked up the rifle when the officers burst into his house unannounced and without identifying themselves, and roused him from his sleep. The defendants contended that the plaintiff was guilty of contributory negligence and that issue was submitted to the jury.

The plaintiff was allowed to introduce, over objection, evidence that the Maricopa County Attorney's Office initially declined to file charges against him for assaulting the officers, but that subsequently such criminal charges were filed, and he was offered an advantageous plea agreement which stipulated to no jail time. Further, the plaintiff was permitted to testify, over objection, that the criminal charges were tried to a judge who found him not guilty.

The plaintiff was also allowed to introduce into evidence, over objection, the police review board's findings clearing the officers of any wrong-doing.

The defendant also complains of the admission of evidence of lost future earnings and opinion evidence concerning the disarmament techniques taught to the Glendale City Police. The trial court also rejected defendant's requested Jury Instruction No. 4 which would have instructed the jury on the violation of certain criminal statutes as negligence per se.

## THE CRIMINAL CHARGE

Attempts by a party to obtain an advantage in a lawsuit by unfair means are admissible in evidence as an admission of the weakness or unjustness of such party's case. Thus, attempts by a party to intimidate or influence witnesses in a civil case have been held to be admissible. See An-

not. 4 A.L.R.4th 829. Here, if the evidence showed that the county attorney acted for the city in an attempt to secure a guilty plea from the plaintiff which could be used by the city as an admission against interest in any future civil case, then evidence of the plaintiff's acquittal would tend to show the unfairness of the attempt. The situation is analogous to those involving attempts to wrongfully influence witnesses. However, there was absolutely no evidence showing a nexus between the city and the actions of the Maricopa County Attorney. The admission of such evidence, especially the acquittal, was highly prejudicial and constitutes reversible error. Since this case may be retried, we shall discuss other alleged errors which are likely to recur.

### THE SHOOTING REVIEW BOARDS

■ The defendant claims that the trial court erred by admitting into evidence the decisions by the Glendale Police Shooting Review Board and the Maricopa County Attorney's Office Police Shooting Review Board. This evidence disclosed that the City of Glendale Police Shooting Review Board decided within 48 hours after the shooting that the officers were not guilty of any wrongdoing whereas it took a period of weeks for the county attorney's office to reach the same conclusion. The inference which was sought to be drawn from this evidence was that the Glendale Shooting Review Board engaged in a "whitewash" and that the short time it took to come to a decision demonstrated this conclusion.

Assuming arguendo, that such evidence should not have been admitted, the defendant has failed to show that the admission prejudiced it, such evidence being a two-edged sword, one edge favorable and the other unfavorable to the defendant.

### OPINION TESTIMONY ON DISARMAMENT TECHNIQUES

■ Testifying on behalf of the plaintiff was a Dr. Schuman who had worked for the FBI until 1963. As part of his employment with the bureau, Dr. Schuman under-

went law enforcement training, which included both an academic component and experience in the field. He was a police officer in the campus security at Arizona State University (ASU) from 1953 to 1957 and was ASU's first security director from 1957 to 1961. He returned to the ASU security office in 1964 where he remained until 1966. In 1972, Dr. Schuman founded the School of Justice Studies at ASU and served as its first director until 1976. From 1976 until the present time, he has stayed on as a full-time instructor in that discipline. Since 1972, Dr. Schuman indicated that he had been required to keep up with the latest research materials and police journals on all aspects of law enforcement, including the use of and defense to deadly force. He has spent many years teaching special program courses in Arizona and was responsible for helping to create standards for police officer certification and for basic training of all police officers in Arizona. He has also worked as a consultant for various law enforcement agencies in Arizona and has testified as an expert in shooting cases on two prior occasions. He testified that he had, on perhaps a half dozen occasions, been involved in arrests where the situations included the use of or defense to deadly force.

■ Dr. Schuman testified in this case that the firearms and disarmament training received by the Glendale City Police was inadequate. The defendant contends that his testimony should not have been admitted because he had never taught disarmament techniques and received no training regarding those skills since leaving the FBI in 1963. We do not agree. The competency of a witness to testify as an expert is a matter peculiarly within the discretion of the trial court. *State v. Seebold*, 111 Ariz. 423, 531 P.2d 1130 (1975). It is not necessary that the witness have the highest possible qualifications or highest degree of skill or knowledge; rather, it is merely sufficient that the witness have a skill and knowledge superior to that of persons in general. *Pincock v. Dupnik*, 146 Ariz. 91, 703 P.2d 1240 (App.1985).

The trial court did not abuse its discretion in allowing the evidence.

## THE NEGLIGENCE PER SE INSTRUCTION

The defendant contends that the trial court erred in refusing to instruct the jury that if it found that the plaintiff had violated the criminal statutes regarding assault, reckless endangerment and threatening and intimidating conduct, that the plaintiff was guilty of negligence per se. We do not agree.

A person who violates a statute enacted for the protection and safety of the public is guilty of negligence per se. *Dyer v. Best Pharmacal*, 118 Ariz. 465, 577 P.2d 1084 (App.1978). The Restatement (Second) of Torts, § 286 (1965) sets forth situations when the standard of conduct defined by the legislature may be adopted by the court:

> "The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment ... whose purpose is found to be exclusively or in part
>
> (a) to protect a class of persons which includes the one whose interest is invaded, and
>
> (b) to protect the particular interest which is invaded, and
>
> (c) to protect that interest against the kind of harm which has resulted, and
>
> (d) to protect that interest against the particular hazard from which the harm results."

The purpose of the endangerment, threatening and assault criminal statutes is to protect the public, which includes police officers, from the harm of such conduct. Comment *i* to Clauses (c) and (d) of the Restatement states:

> " ... A statute or ordinance may be construed as intended to give protection against a particular form of harm to a particular interest. If so, the violation of the enactment will not be negligence unless the harm which the violation causes is that from which it was the purpose of the enactment to protect the other."

The purpose of the criminal statutes in question is to protect the police, as members of the public, from harm, not to protect the plaintiff, the alleged violator of the law, from harm. Here the city contended that the plaintiff, by his negligent conduct in assaulting, endangering and threatening the police, caused the police to shoot the plaintiff and, therefore, his own conduct contributed to his injuries. The statutes in question established a standard of conduct toward the police, but not toward the plaintiff. The standard established was to prevent the police from being injured but not to prevent the plaintiff from being injured. The trial court did not err in refusing the instruction.

The city also contends that the trial court erred in admitting evidence of the plaintiff's loss of earning capacity. We need not decide this issue at this time since the passage of time may alter such evidence.

Reversed and remanded for new trial.

HATHAWAY, C.J., and LIVERMORE, J., concur.