815 P.2d 921

**Tammy Lee LAY and Brett Fort n/k/a Brett Forte, Plaintiffs–Appellants,**

**v.**

**CITY OF MESA, a municipal corporation, Defendant– Appellee.**

**No. 1 CA–CV 90–170.**

Court of Appeals of Arizona, Division 1, Department C.

July 25, 1991.

Rake, Downey, McGovern & Shorall, P.C. by Scott E. Boehm, M.E. Rake, Jr. and Sharon E. Reuss and Lim, Phillips, Hurley, Mahowald & Stewart by Michael E. Hurley, Phoenix, for plaintiffs-appellants.

Johnson, Rasmussen & Johnson by John W. Rasmussen, Bryn R. Johnson, Mesa, for defendant-appellee.

## OPINION

KLEINSCHMIDT, Judge.

This is an appeal from a personal injury action against the City of Mesa. The jury found in favor of the City and the plaintiffs appeal. They argue that the trial court should not have excluded certain expert testimony and that one of the verdict forms given to the jury contained an improper statement of the law. We affirm.

## FACTS

Tammy Lee Lay was a passenger on a motorcycle driven by Brett Forte. They were traveling eastbound in the curb lane on Broadway Road in Mesa, Arizona, behind another vehicle. As they approached the intersection of Broadway Road and 32nd Street, the vehicle ahead of them slowed down to turn right, or southbound, onto 32nd Street. Another car, heading north on 32nd Street, was stopped at a stop sign at Broadway Road, waiting to turn left, or westbound, onto Broadway Road. The motorcycle moved into the left lane of Broadway Road, to go around the vehicle ahead of it, and proceeded eastbound through the intersection. Meanwhile, the driver of the car heading north on 32nd Street attempted to turn left onto Broadway Road and collided with the motorcycle, resulting in serious injuries to Forte and Lay.

Forte and Lay sued the City of Mesa, alleging that the intersection of 32nd Street and Broadway Road was not properly designed, constructed, and maintained. Specifically, they claimed that two large mesquite trees, growing on the southwest corner of the intersection, obscured the vision of the drivers, and that this obstruction should have been removed or compensated for by a different placement of the stop sign and stop bar.

During the trial, the court refused to allow Lay's attorney to cross-examine Dean Sloan, the City of Mesa's public works manager, on the issue of stop sign and stop bar usage and placement. The ruling was based on a lack of foundation.

At the conclusion of the trial, after the parties had initially approved the proposed forms of verdict, Lay's counsel requested that one of the forms be changed, claiming that it contained an improper statement of the law. That form, designated as form 1A, included a typed instruction at the top, which stated, "Use this form if you find for plaintiff Tammy Lee Lay and you find that the accident was the fault of the City of Mesa." Lay's counsel objected to the inclusion of the words "and you find that the accident was the fault of the City of Mesa." The trial court declined to change the form of verdict.

## REFUSAL TO ALLOW CROSS-EXAMINATION ON STOP SIGN AND STOP BAR PLACEMENT

The appellants' first argument is that the trial court abused its discretion by refusing

to allow the Mesa public works manager, Dean Sloan, to testify as an expert on the placement of stop signs and stop bars. The City objected to this line of questioning, claiming that Sloan's testimony indicated that he was not a traffic engineer and that he was not familiar with the manuals prescribing the standard practice for stop sign and stop bar placement.

Sloan had a degree in civil engineering and was a registered professional engineer. He had been employed by the City of Mesa for thirty years, and at the time of trial, as public works manager, he ran the traffic division, the street maintenance division, sanitation utilities and engineering, and building maintenance and inspections. The traffic engineer reported directly to Sloan.

During the trial, there was testimony that the City of Mesa utilized standards for traffic control and design from a series of books prepared by the American Association of State Highway and Transportation officials, known as AASHTO books, and the Manual on Uniform Traffic Control Devices. These publications were described as the "bibles" for traffic engineers and the state of the art for signing and marking public roads.

■ Sloan testified that the City of Mesa relied on these publications. In response to the City's objection for lack of foundation, Sloan explained that although he was not familiar with the details of the guidelines, he was quite certain that the City of Mesa conformed with them. When questioned about the use of stop bars, Sloan testified that he was not well informed on the standards relating to them.

Rule 702, Arizona Rules of Evidence, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

The purpose of expert testimony is to allow the trier of fact to receive information, beyond its competence, which will be useful to the resolution of the dispute before it. *Pincock v. Dupnik*, 146 Ariz. 91, 96, 703 P.2d 1240, 1245 (App.1985) (quoting M. Udall & J. Livermore, *Arizona Practice: Law of Evidence*, § 22 at 28 (2d ed. 1982)).

■ Whether a witness is competent to testify as an expert is within the trial court's discretion. *Englehart v. Jeep Corp.*, 122 Ariz. 256, 258, 594 P.2d 510, 512 (1979); *Pincock*, 146 Ariz. at 95, 703 P.2d at 1244. The court must determine whether the witness' expertise is applicable to the subject about which he intends to testify, and specifically whether the witness' training and experience qualify him to render opinions which will be useful to the trier of fact. *Englehart*, 122 Ariz. at 258, 594 P.2d at 512. An expert may be qualified to testify on the basis of actual experience or careful study. *Godwin v. Farmers Ins. Co. of America*, 129 Ariz. 416, 420, 631 P.2d 571, 575 (App.1981). It is not necessary that the expert "have the highest possible qualifications or highest degree of skill or knowledge ..." to testify. *Good v. City of Glendale*, 150 Ariz. 218, 220, 722 P.2d 386, 388 (App.1986).

■ The trial court did not abuse its discretion in excluding Sloan's testimony. Sloan supervised those responsible for determining the placement of stop signs and stop bars, but he did not make the actual decisions, and most significantly, he was not familiar with the standards the City followed. The refusal to admit the testimony was not error.

The appellants argue that they should have been permitted to demonstrate to the jury that despite Sloan's lack of familiarity with the standards, he was nonetheless made responsible for supervising and approving traffic control and design. This certainly may have been a good theory to present to the jury. Sloan's testimony was excluded, however, because he did not qualify as an expert. This ruling did not prevent the appellants from presenting evidence or arguing about Sloan's *lack* of expertise.

## THE FORM OF VERDICT

The appellants also argue that one of the forms of verdict given to the jury amounted to an improper instruction and therefore should not have been used. Verdict form 1A instructed the jury in a typed sentence at the top to "Use this form if you find for plaintiff Tammy Lee Lay and you find that the accident was the fault of the City of Mesa." The appellants claim that this sentence should have been modified to read "Use this form if you find for plaintiff Tammy Lee Lay." The additional phrase, they claim, was a statement of law in the nature of a jury instruction. They claim that by telling the jury to use that form if it found the accident was the City's fault, the trial court oversimplified the entire case. They point out that none of the other verdict forms contained similar language.

The appellants concede that the jury was properly instructed. They claim that these instructions were nullified by the verdict form which could have confused the jury because the jury could have believed that the "fault" for the accident was that of the driver of the other car, rather than that of the City of Mesa.

There is no Arizona case law on the interplay between jury instructions and forms of verdict. The purpose of jury instructions is to inform the jury of the applicable law in understandable terms, *Barrett v. Samaritan Health Services, Inc.*, 153 Ariz. 138, 143, 735 P.2d 460, 465 (App. 1987), and that the decision must be based upon the law. *Davis v. Stewart Title Guaranty Co.*, 726 S.W.2d 839, 857 (Mo. App.1987). Instructions must be considered as a whole, and a case will not be reversed when an error appears in an isolated part of the instructions, "unless it appears that the questioned instruction, when considered in connection with all the instructions in the case, was calculated to mislead the jury as to the law." *Larriva v. Widmer*, 101 Ariz. 1, 4, 415 P.2d 424, 427 (1966) (quoting *Jost v. Ross*, 82 Ariz. 245, 246, 311 P.2d 840, 842 (1957)).

Jury instructions are, in essence, a guide to the proper verdict. *Davis*, 726 S.W.2d at 857. The form of verdict is then used by the jury to record its decision made pursuant to the jury instructions given by the court. A Missouri court explained:

> A form of verdict is the medium to record the decision of the jury. It is not the device, therefore, to *find* breach of performance, vexatious delay, damages—or any other issue. Those are subjects of *instruction*, and not of verdict or form of verdict. It is the device to record the decision on the case for the plaintiff or the defendant, and if for plaintiff, to record the *assessment* of damages.

*Id.* (emphasis in original).

As noted above, the appellants concede that the jury was properly instructed on the determination of negligence and fault. These instructions included the following, among others:

1. If you find that the defendant [City of Mesa] was negligent and that its negligence was a cause of the plaintiff Tammy Lee Lay's injuries, *then the defendant was at fault*, and your verdict must be for the plaintiff Tammy Lee Lay on her claim against the defendant.

2. The plaintiff Tammy Lee Lay and Brett Forté claim that they were injured *through the fault of the defendant the City of Mesa.*

The defendant, *the City of Mesa, denies that it was at fault*, additionally it claims that the accident was the fault of Brett Forté. Alternatively, in the event that you find that defendant the City of Mesa was at fault, it claims that the accident was also the fault of Brett Forté, and it asks that you determine their relative degrees of fault.

3. More than one person may be liable for causing an injury. *A defendant whom you find to be at fault* may not avoid liability by claiming that some other person whether or not named as a defendant in this action helped cause the injury.

4. *More than one person may be at fault.* The *fault* of one person may be greater than that of another. The relative degrees of any *fault* of defendant

556

and the parties are to be stated as percentages of the total *fault* after you weigh all the evidence. The total in the case is 100%.

5. Fault is liability, or legal responsibility, for an injury. *Before you can find any person at fault, you must find that the person's negligence was a cause of the plaintiff's injury.*

(emphasis added). In particular, the jury was thoroughly instructed that more than one person, including persons not involved in the lawsuit, could have been at "fault," but that this would not relieve the City of Mesa from liability.

■ The language about which the appellants complain merely repeated what was already stated in the instructions, and most significantly, was *not* an incorrect statement of the law. Although it would have been better to delete the language, particularly because the statements on the other forms of verdicts did not include similar language, we do not see how this language could have misled the jury or how it could have been prejudicial to the appellants. The language at the top of the verdict form was, at most, an additional instruction to the jury about which form to use after it had reached a decision based on the jury instructions. As such, the instructions must be considered as a whole, rather than emphasizing one isolated part. *See Larriva*, 101 Ariz. at 4, 415 P.2d at 427.

Affirmed.

EHRLICH and GRANT, JJ., concur.