NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

———————————————

FRANK A. PARKS and SUE E. PARKS, husband and wife,
*Plaintiffs/Appellants*,

*v.*

LEE and MARLINDA THOMPSON, LLC
dba ABS PAINTING & DECORATING,
*Defendant/Appellee.*

No. 1 CA-CV 15-0372
FILED 10-18-2016

———————————————

Appeal from the Superior Court in Coconino County
No. S0300CV201100911
The Honorable Mark R. Moran, Judge

**AFFIRMED**

———————————————

COUNSEL

Frank A. Parks, Scottsdale
*Pro per and counsel for Plaintiff/Appellant Sue E. Parks*

The Cavanagh Law Firm, PA, Phoenix
By Jason J. Bliss
*Counsel for Defendant/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Maurice Portley[1] joined.

_____

**J O H N S E N**, Judge:

**¶1**         Appellants are homeowners who sued a contractor that painted the exterior of their home and stained their deck.  At trial, the superior court ruled the economic loss doctrine barred the homeowners' tort claims, but the court allowed them to amend their complaint to allege breach of contract.  The jury found for the defense, and the court denied the homeowners' motion for new trial.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**         Frank A. and Sue E. Parks hired Lee and Marlinda Thompson, LLC dba ABS Painting and Decorating, to refinish the siding on their Flagstaff home.  They later hired ABS to stain their deck.  When both began to peel, the Parkses sued ABS, alleging negligence.

**¶3**         ABS moved to dismiss the complaint based on the economic loss doctrine.  Before the superior court ruled, ABS withdrew the motion, reserving the right to refile it upon completion of discovery.  ABS identified the economic loss doctrine as an affirmative defense in its answer to the Parkses' first amended complaint.

**¶4**         At trial, after the Parkses rested, ABS moved for judgment as a matter of law pursuant to Arizona Rule of Civil Procedure 50.  ABS argued the economic loss doctrine barred the Parkses' negligence claim, and further argued that limitations barred the claims for defamation and violation of the consumer fraud act.  The Parkses opposed the motion, but did not object on the grounds of surprise or untimeliness.  The superior court granted ABS's motion for judgment as a matter of law.  Over ABS's objection, the court then allowed the Parkses to amend their complaint to add claims for breach of contract and breach of the covenant of good faith and fair dealing.

_____

[1]     The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

The Parkses did not ask for leave to offer any additional evidence on the two new claims. The jury returned unanimous verdicts in favor of ABS.

¶5        The court denied the Parkses' motion for a new trial, and awarded ABS $105,958.84 in attorney's fees, $3,589.26 in costs, and $15,917.12 in sanctions pursuant to Arizona Rule of Civil Procedure 68(g).

¶6        We have jurisdiction of the Parkses' timely appeal pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016) and -2101(A)(1) (2016).[2]

## DISCUSSION

### A.        The Superior Court Did Not Err in Granting ABS's Motion for Judgment as a Matter of Law on the Economic Loss Doctrine.

¶7        The Parkses alleged ABS negligently failed to follow the product specifications and directions when painting the siding and staining the deck, and as a result both surfaces peeled prematurely. The Parkses sought $25,000 for repairs to the deck and $31,000 to have the siding stripped, repaired, primed and properly coated. In moving for judgment as a matter of law on negligence, ABS argued that because the Parkses alleged no personal injury or damage to property not the subject of their contract, the economic loss doctrine limited them to their contractual remedies. In granting the motion, the superior court concluded that the siding and the deck were the subject of contracts between the Parkses and ABS, and that the Parkses offered no evidence of damage to "other property." *See Flagstaff Affordable Hous. Ltd. P'ship v. Design All., Inc.*, 223 Ariz. 320, 323, ¶ 12 (2010).

¶8        On appeal, the Parkses argue that (1) for public policy reasons, the court erred in barring the negligence claim; (2) ABS was estopped from relying on the economic loss doctrine; (3) the economic loss doctrine does not apply because ABS's faulty work damaged "other property" and (4) the economic loss doctrine does not apply because the Parkses' claim did not arise out of contract.

¶9        We need not decide whether the court erred in granting ABS's motion for judgment on the negligence claim based on the economic loss doctrine because the Parkses do not argue they were prejudiced by the ruling. The court allowed the Parkses to amend their complaint, and their

---

2        Absent material revision after the relevant date, we cite a statute's current version.

claim for breach of contract went to the jury. The court instructed the jury concerning painting industry standards and informed the jury that it could use those standards in deciding the case. The Parkses do not argue that they would have presented different evidence or tried the case any differently had they known the court would limit them to contract remedies. In short, they offer no argument that the jury, which found against them on their claims for breach of contract and for breach of the duty of good faith and fair dealing, would have ruled in their favor had it been instructed on negligence.

## B. The Superior Court Did Not Err in Dismissing the Claim for Punitive Damages.

**¶10** After granting ABS's judgment as a matter of law, the court denied the Parkses' request to instruct the jury on punitive damages, concluding the Parkses had failed to offer sufficient evidence to support such an award. We will reverse based on an asserted error in jury instructions only if the ruling was "'both harmful to the complaining party and directly contrary to the rule of law,' and we have substantial doubt that the jury was properly guided in its deliberations." *Hudgins v. Sw. Airlines, Co.*, 221 Ariz. 472, 480, ¶ 10 (App. 2009) (quoting *State Farm Fire & Cas. Ins. v. Grabowski*, 214 Ariz. 188, 192, ¶ 13 (App. 2007)).

**¶11** "Punitive damages are appropriate 'only in the most egregious of cases,' in which the defendant's 'reprehensible conduct' and 'evil mind' are proven by clear and convincing evidence." *SWC Baseline & Crismon Inv'rs, L.L.C. v. Augusta Ranch Ltd. P'ship*, 228 Ariz. 271, 289, ¶ 74 (App. 2011) (quoting *Sec. Title Agency, Inc. v. Pope*, 219 Ariz. 480, 498, ¶ 81 (App. 2008)); *see also Hawkins v. Allstate Ins.*, 152 Ariz. 490, 501 (1987) ("[A] damage award, punitive or otherwise, must be based on more than mere speculation or conjecture."). Punitive damages rarely are available on a claim for breach of contract. *See Lerner v. Brettschneider*, 123 Ariz. 152, 156 (App. 1979). Only when the breach also constitutes a tort, and "the negligence [is] aggravated, outrageous, malicious, or wanton," will punitive damages be justified for breach of contract. *Id.*

**¶12** Plainly the evidence offered at trial, which was insufficient to persuade the jury that ABS breached either of the contracts or its duty of good faith and fair dealing, was not sufficient to support a punitive damages award.

## C. Dismissal of Defamation Claim.

¶13        The superior court granted ABS's motion for judgment as a matter of law on the Parkses' defamation claim, holding it was barred by limitations. "[W]hen a particular cause of action accrues" is a question of law, and therefore we review *de novo*. *Larue v. Brown*, 235 Ariz. 440, 443, ¶ 14 (App. 2014) (quotation omitted).

¶14        The statute of limitations for a defamation action is one year, A.R.S. § 12-541(1) (2016), and begins to run upon publication of the alleged defamatory statement, *Larue*, 235 Ariz. at 443, ¶ 15. The Parkses allege Mr. Thompson defamed Mr. Parks by calling him a liar at a meeting in June 2011. At the earliest, the Parkses first set forth facts that might support a claim for defamation in their first amended complaint, filed in September 2014, more than three years after the cause of action accrued.

¶15        A claim first asserted in an amended complaint, which is otherwise barred by limitations, may be timely under the "relation-back" doctrine. Ariz. R. Civ. P. 15(c). A newly stated claim will "relate back" to an earlier pleading so long as it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Ariz. R. Civ. P. 15(c).

¶16        Any defamation claim stated in the first amended complaint does not relate back to the November 2011 complaint. The Parkses originally sued for breach of warranty, strict liability and negligence, all arising out of ABS's work on the siding and deck. The defamation claim, by contrast, arose out of a contentious meeting between the parties after the Parkses began to complain about the peeling paint and stain. In other words, the facts on which the defamation claim was based are entirely independent from the facts alleged in the initial complaint, which did not even reference the June 2011 meeting.

¶17        Accordingly, the defamation claim is barred by limitations, and Rule 15(c) does not allow relation-back of such claim. *See Boatman v.*

*Samaritan Health Servs., Inc.*, 168 Ariz. 207, 213 (App. 1990). The superior court did not err in granting ABS's Rule 50 motion on the issue of defamation.[3]

## D.    Dismissal of Claim for Consumer Fraud.

**¶18**        The superior court also granted ABS's motion for judgment as a matter of law on the Parkses' consumer fraud claim, finding it was barred by limitations. We review *de novo*. *See Larue*, 235 Ariz. at 443, ¶ 14.

**¶19**        The statute of limitations for consumer fraud is one year, and begins to run "when the plaintiff, by reasonable diligence, should have learned of the fraud." A.R.S. § 12-541(5); *Estate of Kirschenbaum v. Kirschenbaum*, 164 Ariz. 435, 438 (App. 1989). The plaintiff need not know every detail about the alleged fraud before the statute begins to run. *Coronado Dev. Corp. v. Superior Court*, 139 Ariz. 350, 352 (App. 1984). The plaintiff merely must "possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 32 (1998); *see also Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 591 (App. 1994) (consumer fraud action accrues when "the plaintiff knows or should have known of both the what and who elements of causation") (emphasis and quotation omitted).

**¶20**        As with the defamation claim, the Parkses added the consumer fraud claim in their first amended complaint, filed in 2014. The Parkses alleged ABS listed a more expensive oil-based stain, "Woodscapes," on the bid for the job, and without the Parkses' knowledge used "A-100," a cheaper paint product. At trial, the Parkses also asserted that before they contracted with ABS, ABS misrepresented the work it would do and the products it would use. These transactions and alleged misrepresentations

---

[3]        The Parkses also argue a "repeat defamation" occurred during the 2013 deposition of Mr. Thompson. Witnesses in judicial proceedings are protected by an absolute privilege, however, meaning they are "immune from civil suits arising from allegedly defamatory testimony during depositions and at trials." *Yeung v. Maric*, 224 Ariz. 499, 501, ¶ 10 (App. 2010). The Parkses argue "[p]rivilege is an affirmative defense that was not pled and is therefore waived." But the first amended complaint does not include facts related to the October 2013 deposition, or any other "repeat defamation." Because the complaint gave ABS no notice of a claim of "repeat defamation" arising from the deposition, it had no reason to address any applicable privilege in its answer.

all occurred more than one year before the first amended complaint was filed.

¶21         The Parkses noticed their siding and deck were peeling in June 2010. At that time, Mr. Thompson advised Mr. Parks to repair the area by scraping the peeling paint, applying "PeelBond," and repainting with A-100, a container of which was still in the Parkses' garage. Thus, in June 2010 the Parkses knew enough to prompt them to investigate the peeling paint and the use of A-100 paint rather than Woodscapes stain. Accordingly, limitations began to run in June 2010, more than one year before the Parkses filed the complaint and more than four years before the Parkses filed the first amended complaint.

¶22         The Parkses argue the statute was tolled by ABS's concealment. "[C]oncealment sufficient to toll the statute requires a positive act by the defendant taken for the purpose of preventing detection of the cause of action." *Cooney v. Phoenix Newspapers, Inc.*, 160 Ariz. 139, 141 (App. 1989). The Parkses, however, cite no facts suggesting ABS concealed the use of A-100 paint.

¶23         The superior court did not err in dismissing the Parkses' claim for consumer fraud.[4]

**E.      The Court Did Not Err in Limiting the Testimony of Thane Katz.**

¶24         The Parkses argue the superior court erred in limiting the trial testimony of Thane Katz, an employee of the maker of the paint products ABS used on the home. Before trial, ABS moved in limine to preclude Katz from offering expert testimony on surface preparation. ABS argued both that Katz lacked a reliable basis for such an opinion under Ariz. R. Evid. 702, and that the Parkses already had another expert witness on painting under Arizona Rule of Civil Procedure 26(b)(4)(D). The court granted ABS's motion *in limine* on both grounds, but allowed Katz to testify as a

---

[4]      On appeal, the Parkses argue that their "common law fraud claim" – which has a three-year limitations period under A.R.S. § 12-543 (2016) – should have been submitted to the jury. Similarly, the Parkses argue "claims for fraudulent non-disclosure and fraudulent misrepresentation relate back to a prior claim for negligent non-disclosure." But the first amended complaint did not allege common law fraud, fraudulent non-disclosure or fraudulent misrepresentation.

fact witness about the paint samples from the Parkses' home and Katz's analysis of those samples.

¶25      Katz testified that moisture in the wood substrate may have caused the siding to peel, and that the deck stain – if properly applied – should not have peeled within one year of application.  Katz stated that although the paint samples showed good inter-surface adhesion (i.e., the paint layers stuck together), the samples also revealed delamination of the wood substrate (the wood was separating from itself).  Katz explained that the delamination indicated the presence of moisture in the substrate, but he was not allowed to testify about the cause of the moisture, nor as to the reason the deck stain peeled.

¶26      The superior court has broad discretion "when determining whether a witness is competent to testify as an expert, and we will not overturn a . . . ruling on this issue unless there is a clear abuse of discretion." *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 505 (1996).  Arizona Rule of Evidence 702 provides that a witness with the proper qualifications may give expert testimony only if his or her knowledge is based on "sufficient facts or data."  The superior court "must determine whether the witness' expertise is applicable to the subject about which he intends to testify." *Lay v. City of Mesa*, 168 Ariz. 552, 554 (App. 1991).

¶27      The superior court did not abuse its discretion in limiting Katz's testimony.  Katz admitted he had no foundation nor a reliable basis for forming an opinion about how workers should have prepared the surface of the home before painting it, he had never inspected the home, he had no opinion about what a painting contractor should have done to investigate the soundness of the siding, and he did not know the industry standards for investigating the soundness of a wood surface in Northern Arizona.  Katz simply did not have sufficient facts on which to base an expert opinion about surface preparation.  Because the superior court did not abuse its discretion in ruling under Rule 702, we need not consider its ruling based on Arizona Rule of Civil Procedure 26(b)(4)(D).

**F.     The Superior Court Properly Awarded Attorney's Fees to ABS.**

¶28      The Parkses argue the court abused its discretion by awarding attorney's fees to ABS from the commencement of the action, rather than from the time, mid-trial, when they amended their complaint to allege breach of contract.

¶29      "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney

fees."  A.R.S. § 12-341.01(A) (2016).  Fees incurred in defending a tort claim may be awarded pursuant to § 12-341.01 if the tort claim "could not exist 'but for' the contract."  *Caruthers v. Underhill*, 230 Ariz. 513, 526, ¶ 57 (App. 2012) (quoting *Hanley v. Pearson*, 204 Ariz. 147, 151, ¶ 17 (App. 2003)).

**¶30**　　　　The negligence claim the Parkses alleged in their initial complaint arose out of ABS's performance of contracts to refinish the siding and stain the deck of the home.  The negligence claim, therefore, could not exist but for the contracts between the Parkses and ABS.[5]  For that reason, the superior court did not err in awarding attorney's fees to ABS from the beginning of the action.

## CONCLUSION

**¶31**　　　　For the foregoing reasons, we affirm the superior court's judgment.  ABS is awarded its costs and attorney's fees in an amount to be determined upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[5]　　　The Parkses do not argue that the amount of fees awarded was unreasonable, nor that ABS should have segregated amounts incurred in defending the defamation or consumer fraud claims in its statement of fees.