NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, ex rel. MARK BRNOVICH, Attorney General,
*Plaintiffs/Appellees*,

*v.*

WILLIAM EARL MILLER, SR, *Defendant/Appellant*.

No. 1 CA-CV 17-0304
FIELD 5-8-2018

Appeal from the Superior Court in Maricopa County
No. CV2015-006886
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric S. Rothblum, Kenneth R. Hughes
*Counsel for Plaintiffs/Appellees*

William Earl Miller, Sr., Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence J. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**W I N T H R O P**, Presiding Judge:

¶1          Appellant William Earl Miller, Sr. appeals from the *in personam* judgment entered against him for $482,400 and forfeiting $40,218.33 in seized property to the State of Arizona.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          On April 17, 2015, the State obtained a seizure warrant authorizing *in rem* and *in personam* seizure of property against Miller.  The seizure warrant was based on a judicial finding of probable cause that Miller engaged in racketeering activity.  Under the authority of the seizure warrant, the State seized $28,000 from a safe deposit box leased to Miller, as well as $12,218.33 from Miller's bank and prison inmate trust accounts.  More than a year after the issuance of the seizure warrant, the State seized an additional $1,315.04 from Miller's inmate trust account.

¶3          The State initiated forfeiture proceedings, and the case proceeded to a bench trial.  The trial court found by a preponderance of evidence that Miller "possessed, solicited to possess, attempted to possess, conspired to possess, conspired and participated in the transfer and sale of, and conspired and participated in the transaction of proceeds of the sale of prohibited drugs" in violation of Arizona Revised Statutes ("A.R.S.") §§ 13-2312, -3408 and -2317 for financial gain.  Thus, the court forfeited the seized money to the State, and also entered an *in personam,* racketeering judgment against Miller in the amount of $482,400.

¶4          Miller timely appealed.  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## ANALYSIS

¶5          Although his argument is unclear, Miller appears to argue in his opening brief that the judgment does not contain a probable cause determination pursuant to A.R.S. § 13-4305(E).  In violation of Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(d), Miller failed to refer to the record where he raised the argument for trial court's consideration.[1]  Our

---

[1]      Miller does not argue that he raised the issue at trial, and he has failed to provide the trial transcript.  To the extent the argument was raised at trial, "[a] party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the

2

own independent review of the record confirms the issue was not raised below. "Matters not presented to the trial court cannot for the first time be raised on appeal." *Brown Wholesale Elec. Co. v. Safeco Ins. Co. of Am.*, 135 Ariz. 154, 158 (App. 1982). Thus, the argument that the trial court needed to make a probable cause determination in the judgment is waived. *See Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 171, ¶ 52 (App. 2007) (holding the appellate court will not consider a question not raised in the lower court), *citing J.H. Mulrein Plumbing Supply Co. v. Walsh*, 26 Ariz. 152, 161 (1924) (citation omitted); *see also Allstate Indem. Co. v. Ridgely*, 214 Ariz. 440, 442, ¶ 7 (App. 2007).[2]

**¶6**     Miller next contends that the seizures of funds from his inmate trust account on July 22, 2016 and January 30, 2017 violated A.R.S. § 13-3918, which, he argues, rendered the seizure warrant expired and void.[3] "We apply a *de novo* standard of review to issues of statutory

---

issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995), *citing* ARCAP 11. When an appellant fails to include all transcripts or other documents, we assume the missing portions of the record support the trial court's findings and ruling. *Baker*, 183 Ariz. at 73; *see also Kohler v. Kohler*, 211 Ariz. 106, 108 n.1, ¶ 8 (App. 2005).

[2]     Even assuming Miller made the probable cause argument and thus preserved the issue for appeal, he fails to recognize that a judicial determination of probable cause was made before issuance of the seizure warrant. Further, Miller appears to be conflating *in rem* and *in personam* seizure. The judgment against him is *in personam*. In an *in rem* forfeiture action, only property that is derived from or has facilitated a crime is forfeitable. *See* A.R.S. § 13-2314(G). In an *in personam* action, however, any property belonging to the racketeer, *i.e.* Miller, is subject to forfeiture to the extent of Miller's monetary liability for the racketeering conduct, even if the property has no nexus to the underlying crime. *See* A.R.S. § 13-2314(D)(6)(d). In this case, the seizure warrant was based on probable cause to believe that up to $160,800 was subject to *in personam* forfeiture. After the bench trial, the court determined that Miller "is personally (*in personam*) liable to the State for Racketeering in the amount of $160,800." The court then trebled the damages pursuant to A.R.S. § 13-2314(D)(4), and awarded the final judgment amount of $482,400 in favor of the State and against Miller *in personam*.

[3]     The State argues that because Miller did not argue the seizure warrant was "void" in the lower court, he has waived the issue. Miller

interpretation and application." *Obregon v. Indus. Comm'n*, 217 Ariz. 612, 614, ¶ 9 (App. 2008) (citation omitted).

**¶7**        Section 13-3918(A) states that "[a] ***search*** warrant shall be executed within five calendar days from its issuance . . . . Upon expiration of the five[-]day period, the warrant is void unless the time is extended by a magistrate." (Emphasis added). Section 13-3918 specifically refers to search warrants. In this case, the warrant at issue is a ***seizure*** warrant, making the five-day time limit under A.R.S. § 13-3918 inapplicable. Thus, the State's seizures of Miller's property more than five days after the issuance of the seizure warrant did not violate A.R.S. § 13-3918.[4]

**¶8**        Finally, Miller argues that failure to serve him with police reports used at trial violated the due process clause of the Fourteenth Amendment. The trial court's exclusion or admission of evidence will not be disturbed on appeal absent an abuse of discretion and resulting prejudice. *See Selby v. Savard*, 134 Ariz. 222, 227 (1982); *Lay v. Mesa*, 168 Ariz. 552, 554 (App. 1991).

**¶9**        The State filed a motion *in limine* seeking to admit the police reports describing Miller's (1) arrest and associated police investigation and (2) the crime lab report confirming that four grams of crack cocaine were found at Miller's residence during his arrest. The trial court issued an advisory ruling granting the motion, pending any objections from Miller.[5] At trial, discussion was held regarding the State's motion, and the police reports were ultimately admitted. As noted above, Miller failed to provide the trial transcript on appeal. "When a party fails to include necessary

---

argued in his motion for summary judgment that the warrant was invalid pursuant to A.R.S. § 13-3918. We address only Miller's argument related to whether the seizure warrant failed to comply with section 13-3918. To the extent Miller is arguing on appeal the seizure warrant is void for any other reason, Miller has waived that argument because it was not raised prior to appeal. *See Regal Homes, Inc.*, 217 Ariz. at 171.

[4]        Miller did not cite, and we have not found, any statute or other authority that requires a seizure warrant to be executed within five days of its issuance. *Cf.* A.R.S. §§ 13-2314(C), -4310(A), -4305(A), and -4312(C).

[5]        Miller did not file a response to the State's motion. The trial court's minute entry stated it was unclear whether Miller received the motion, so it determined its ruling was "advisory only and subject to any objection" Miller might raise at trial.

items, we assume they would support the court's findings and conclusions." *Baker*, 183 Ariz. at 73, *citing In re Mustonen's Estate*, 130 Ariz. 283 (App. 1981). Given that assumption, we cannot say the court abused its discretion.

## CONCLUSION

**¶10** For the foregoing reasons, we affirm. We award costs to the State upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA