IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, ex rel. MARK BRNOVICH, Attorney General,
*Plaintiffs/Appellees,*

*v.*

WILLIAM EARL MILLER, SR., *Defendant/Appellant.*

No. 1 CA-CV 17-0304
FILED 8-16-2018

Appeal from the Superior Court in Maricopa County
No. CV2015-006886
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric S. Rothblum, Kenneth R. Hughes
*Counsel for Plaintiffs/Appellees*

William Earl Miller, Sr., Phoenix
*Defendant/Appellant*

**OPINION**

Presiding Judge Lawrence F. Winthrop delivered the opinion of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

**W I N T H R O P**, Presiding Judge:

¶1   William Earl Miller, Sr., appeals the *in personam* judgment entered against him for $482,400 and the forfeiture of $40,218.33 in seized property to the State of Arizona. In this opinion, we hold that, unlike a search warrant, which must be executed within five days pursuant to Arizona Revised Statutes ("A.R.S.") section 13-3918(A), a seizure warrant is not subject to the same statutory five-day requirement. Accordingly, and because Miller's other challenges to the judgment are unavailing, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   On April 17, 2015, the State obtained a seizure warrant authorizing *in rem* and *in personam* seizure of property from Miller. The seizure warrant was based on a judicial finding of probable cause that Miller engaged in racketeering activity. Under the authority of the seizure warrant, the State seized $28,000 from a safe deposit box leased to Miller, as well as $12,218.33 from Miller's bank and prison inmate trust accounts.

¶3   The State initiated forfeiture proceedings, and the case proceeded to a bench trial. The trial court found by a preponderance of the evidence that Miller "possessed, solicited to possess, attempted to possess, conspired to possess, conspired and participated in the transfer and sale of, and conspired and participated in the transaction of proceeds of the sale of prohibited drugs" in violation of A.R.S. §§ 13-2312, -3408, and -2317 for financial gain. Thus, the court forfeited the seized money to the State, and also entered an *in personam* racketeering judgment against Miller in the amount of $482,400.

¶4   Miller timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## ANALYSIS

¶5   Although his argument is unclear, Miller appears to argue in his opening brief that the judgment does not contain a probable cause determination pursuant to A.R.S. § 13-4305(E). In violation of Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(d), Miller failed to refer to the record where he raised this argument for the trial court's consideration.[1]

---

[1] Miller does not argue that he raised the issue at trial, and he has failed to provide the trial transcript. To the extent the argument was raised at trial, "[a] party is responsible for making certain the record on appeal

Our independent review of the record confirms the issue was not raised below. "Matters not presented to the trial court cannot for the first time be raised on appeal." *Brown Wholesale Elec. Co. v. Safeco Ins. Co. of Am.*, 135 Ariz. 154, 158 (App. 1982). Thus, the argument that the trial court needed to make a probable cause determination in the judgment is waived. *See Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 171, ¶ 52 (App. 2007) (holding the appellate court will not consider a question not raised in the lower court (citing *J.H. Mulrein Plumbing Supply Co. v. Walsh*, 26 Ariz. 152, 161 (1924); *Allstate Indem. Co. v. Ridgely*, 214 Ariz. 440, 442, ¶ 7 (App. 2007))). Moreover, even assuming Miller made the probable cause argument and thus preserved the issue for appeal, he fails to recognize that a judicial determination of probable cause was made before issuance of the seizure warrant.[2]

¶6        Miller next contends seizures of funds from his inmate trust account on July 22, 2016, and January 30, 2017—both of which occurred more than five days after issuance of the seizure warrant—violated A.R.S. § 13-3918, which, he argues, rendered the seizure warrant expired and

---

contains all transcripts or other documents necessary for us to consider the issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (citing ARCAP 11). When an appellant fails to include all transcripts or other documents, we assume the missing portions of the record support the trial court's findings and ruling. *Id.*; *accord Kohler v. Kohler*, 211 Ariz. 106, 108 n.1, ¶ 8 (App. 2005).

[2]        Further, Miller appears to be conflating *in rem* and *in personam* seizure. The judgment against him is *in personam*. In an *in rem* forfeiture action, only property that is derived from or has facilitated a crime is forfeitable. *See* A.R.S. § 13-2314(G). In an *in personam* action, however, any property belonging to the racketeer, *i.e.* Miller, is subject to forfeiture to the extent of his monetary liability for the racketeering conduct, even if the property has no nexus to the underlying crime. *See* A.R.S. § 13-2314(D)(6)(d). In this case, the seizure warrant was based on probable cause to believe that up to $160,800 was subject to *in personam* forfeiture. After the bench trial, the court determined that Miller "is personally (*in personam*) liable to the State for Racketeering in the amount of $160,800." The court then trebled the damages pursuant to A.R.S. § 13-2314(D)(4), and awarded the final judgment amount of $482,400 in favor of the State and against Miller *in personam*.

void.[3]  "We apply a *de novo* standard of review to issues of statutory interpretation and application."  *Obregon v. Indus. Comm'n*, 217 Ariz. 612, 614, ¶ 9 (App. 2008) (citing *Naslund v. Indus. Comm'n*, 210 Ariz. 262, 264, ¶ 8 (App. 2005); *O'Connor v. Hyatt*, 207 Ariz. 409, 411, ¶ 4 (App. 2004)).

**¶7**        Section 13-3918(A) states that "[a] *search* warrant shall be executed within five calendar days from its issuance . . . .  Upon expiration of the five[-]day period, the warrant is void unless the time is extended by a magistrate."  (Emphasis added.)  Section 13-3918 specifically refers to search warrants.  In this case, the warrant at issue is a *seizure* warrant, making the five-day time limit under A.R.S. § 13-3918 inapplicable.  Miller did not cite, and we have not found, any statute or other authority that requires a seizure warrant to be executed within five days of its issuance.  *Cf.* A.R.S. §§ 13-2314(C), -4310(A), -4305(A), -4312(C).  The State's seizures of Miller's property more than five days after issuance of the seizure warrant did not violate A.R.S. § 13-3918.

**¶8**        Finally, Miller argues that failure to serve him with police reports used at trial violated the due process clause of the Fourteenth Amendment.  The trial court's exclusion or admission of evidence will not be disturbed on appeal absent an abuse of discretion and resulting prejudice.  *See Selby v. Savard*, 134 Ariz. 222, 227 (1982); *Lay v. Mesa*, 168 Ariz. 552, 554 (App. 1991).

**¶9**        The State filed a motion *in limine* seeking to admit (1) the police reports describing Miller's arrest and associated police investigation and (2) the crime lab report confirming that four grams of crack cocaine were found at Miller's residence during his arrest.  The trial court issued an advisory ruling granting the motion, pending any objections raised by Miller at trial.  At trial, discussion was held regarding the State's motion, and the police reports were ultimately admitted.  As noted above, Miller failed to provide the trial transcript on appeal.  "When a party fails to include necessary items, we assume they would support the court's

---

[3]        The State argues that because Miller did not argue the seizure warrant was "void" in the lower court, he has waived the issue.  Miller argued in his motion for summary judgment that the warrant was invalid pursuant to A.R.S. § 13-3918.  We address only Miller's argument related to whether the seizure warrant failed to comply with § 13-3918.  To the extent Miller is arguing on appeal the seizure warrant is void for any other reason, Miller has waived that argument because it was not raised before his appeal.  *See Regal Homes, Inc.*, 217 Ariz. at 171, ¶ 52.

findings and conclusions." *Baker*, 183 Ariz. at 73 (citing *In re Mustonen's Estate*, 130 Ariz. 283 (App. 1981)). Given that assumption, we cannot say the court abused its discretion.

## CONCLUSION

**¶10** For the foregoing reasons, we affirm. We award costs to the State upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA