139 Ariz. 350 (1984)
678 P.2d 535
CORONADO DEVELOPMENT CORPORATION, an Arizona corporation; Nationwide Resources Corporation, an Arizona corporation; and Morton Freedman and "Jane Doe" Freedman, husband and wife, Petitioners,
v.
SUPERIOR COURT OF ARIZONA, In and For the COUNTY OF COCHISE; Honorable Richard A. Winkler, a Judge thereof; and Anne T. Gesky and Stephanie T. Gesky, real parties in interest, Respondents.
No. 2 CA-SA 0030.
Court of Appeals of Arizona, Division 2.
March 13, 1984.
Miller & Pitt, P.C. by John A. Baade, Tucson, for petitioners.
*351 Jose M. Lerma, Douglas, for real parties in interest.
OPINION
HATHAWAY, Judge.
The denial of petitioners' motion for summary judgment on the ground that the statute of limitations bars the instant action gave rise to this special action. Because the denial of a motion for summary judgment is not an appealable order, Navajo Freight Lines, Inc. v. Liberty Mutual Ins. Co., 12 Ariz. App. 424, 471 P.2d 309 (1970), and because we believe the trial court abused its discretion in denying the motion, we assume jurisdiction and grant relief.
The real parties in interest, Anne Gesky and Stephanie Gesky, filed a complaint against petitioners on February 23, 1983, alleging that misrepresentations were made to them regarding their purchase and subsequent amendment of a contract involving the sale to them of a lot in a subdivision in Cochise County, Arizona. The original contract, in which petitioners agreed to sell to the Geskys Lot 110 in petitioners' development, was entered into in March 1972. The Geskys paid the monthly installments and in April 1977, a Mr. Joseph Cocchi, representing petitioners, went to see the Geskys in Chicago where they were residing. He told them they would have to exchange their Lot 110 for another because a road had been built through it. The Geskys eventually acquiesced in the exchange and picked another lot. The deposition of Anne Gesky shows that about a month after the exchange was agreed to, respondents met a lawyer in Chicago and had an informal discussion with him about the parcel. The Geskys stated that the lawyer told them they had been "had," that they did not have to exchange the property and that they should have asked Cocchi to leave. The deposition shows the following testimony:
"Q. If I understood you correctly you spoke with a lawyer about the situation soon after you signed the exchange agreement?
A. About a month, about a month.
Q. Okay. What was the substance of your inquiry of this lawyer?
A. In fact I felt ashamed that I was that stupid to do that. In our conversation was one of our community meetings when I talked to him, I told him what happened. He just laughed. He says, `You have been had. You should have opened the door and told this guy to get the hell out of there.'
He says, `You didn't have to part with anything as long as you kept their payments.'
He says, `There's something doing on that lot, you were deprived. If I were you I would make a beeline for Arizona, find out what is what.'
Q. That is what the lawyer told you?
A. Yes.
Q. In May 1977.
A. Yes."
The deposition of Stephanie Gesky shows:
"Q. What did the lawyer tell your sister?
A. That my sister should see another lawyer, that he, what should I say, he was lying right along.
Q. This lawyer in Chicago told you that Cocchi had lied to you?
A. Yeah.
Q. And that you should see a lawyer in Arizona?
A. Yes.
Q. And your sister told us that this meeting occurred in May of 1977 with a lawyer at the community meeting?
A. I believe it was that year. I don't remember. If she said it was that year, it was."
*352 The three-year limitation set forth in A.R.S. § 12-543(3) is the statute of limitations applicable here. It provides in part:
"There shall be commenced and prosecuted within three years after the cause of action accrues, and not afterwards, the following actions:
* * * * * *
3. For relief on the ground of fraud or mistake, which cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."
The statute of limitations in a fraud case begins to run when the plaintiff by reasonable diligence could have learned of the fraud, whether or not he actually learned of it. Guerin v. American Smelting & Refining Co., 28 Ariz. 160, 236 P. 684 (1925); Lederman v. Phelps Dodge Corporation, 19 Ariz. App. 107, 505 P.2d 275 (1973). The deposition and affidavit testimony of the respondents establishes that they had grounds for suspecting a fraud cause at the latest in May 1977, after their conversation with the Chicago lawyer. They admitted that the Chicago lawyer told them that Mr. Cocchi had lied to them when he told them that they had to sign the exchange agreement.
In National Automobile and Casualty Ins. Company v. Payne, 67 Cal. Rptr. 784, 261 Cal. App.2d 403 (1968), the court stated:
"It is not in every case that a person is barred after three years by failure to pursue an available means of discovering possible fraud. The statute commences to run only after one has knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry." 67 Cal. Rptr. at 788.
It is true here that the respondents did not know every detail of the alleged fraud. Indeed, they did not have actual knowledge that fraud had occurred. However, a person does not have to know every fact about his fraud claim before the statute begins to run. Bedolla v. Logan & Frazer, 125 Cal. Rptr. 59, 52 Cal. App.3d 118 (1975).
The respondents maintain that even if the statute of limitations began to run in May 1977, when they were put on notice by the Chicago lawyer's statements to them, they were prevented from making inquiry and were "lulled into a false sense of security" when they met with Mr. Cocchi and petitioner Morton Freedman in 1980. They argue that Mr. Freedman "perpetuated the original lie and thereby concealed [their] cause of action for fraud," and cite Tovrea Land & Cattle Co. v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966), for the proposition that such positive acts of concealment to avoid detection will avoid the running of the statute. However, in Tovrea Land & Cattle Co., as well as in the case of Richards v. Mileski, 662 F.2d 65 (D.C. Cir.1981), also cited by respondents, the courts are referring to fraudulent concealment wherein a defendant commits a positive act tending to conceal the cause of action from the plaintiff.
There is no evidence which shows an act of concealment in 1980. Rather the evidence shows that the respondents continued to distrust the petitioners. In June, the month after the meeting, Anne Gesky wrote Freedman a letter which began:
"The meeting of May, 1980, with you and Mr. Cocchi lead [sic] us to conclude that you both have not been honest with me."
From this it appears the respondents were suspicious of the petitioners but still did nothing to either investigate further, or commence their lawsuit. Under these circumstances, the statute is not tolled.
This cause of action accrued within three years of May 1977. The filing of this lawsuit in 1983 was therefore barred by the statute of limitations. The denial by the trial court of petitioners' motion for summary judgment was an abuse of its discretion and the order is hereby vacated and the court instructed to enter an order granting petitioners' motion.
BIRDSALL, C.J., and HOWARD, J., concur.