NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DEAN A. WILTSE, *Plaintiff/Appellant*,

*v.*

BARBARA WILTSE, *Defendant/Appellee*.

No. 1 CA-CV 20-0452
FILED 9-23-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-054249
The Honorable Andrew J. Russell, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Dean Wiltse, Draper, Utah
*Plaintiff/Appellant*

Nearhood Law Offices, PLC, Scottsdale
By Patricia A. Premeau
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the court, in which Presiding
Judge D. Steven Williams and Judge James B. Morse Jr. joined.

**G A S S**, Judge:

¶1          Dean Wiltse appeals the superior court's grant of summary judgment dismissing his claims against Barbara Wiltse. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          On appeal of an order granting summary judgment, this court views the facts in the light most favorable to the non-movant—here, Dean. *See Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). Because the parties share a surname, we refer to them by their first names.

¶3          In 2012, Dean and Barbara finalized a "very difficult and ugly divorce." During the divorce proceedings, Dean began to suspect Barbara was hiding funds from him. In November 2011, Dean sought an *ex parte* temporary restraining order to freeze community accounts. In so doing, he exempted a Merrimack Valley Credit Union (MVCU) account so Barbara still had access to funds.

¶4          Barbara similarly believed Dean was hiding assets and draining community accounts. Indeed, Dean removed $200,000 from their joint accounts and another $55,000 from their son's college education fund. The Dissolution Decree ultimately ordered Dean to reimburse those amounts. In the meantime, Barbara sought a "secure place to sequester approximately $241,474.00." She subsequently withdrew two checks—totaling that amount—from the MVCU account and transferred those funds to a third party for safekeeping. Despite being aware of the MVCU account and believing Barbara was concealing funds, Dean did not claim community ownership of it, and the Dissolution Decree did not include it in the division of assets.

¶5          In 2016, Barbara and the third party became embroiled in a dispute over the funds she had transferred from the MVCU account, and Barbara sued the third party the following year. During trial in the 2017 lawsuit, Dean testified about his knowledge of the MVCU account. Dean stated he first learned of Barbara's transfer of funds to the third party because of his involvement in the 2017 lawsuit.

¶6          In 2019, Dean sued Barbara alleging she hid "approximately $500,000" from him. Dean brought seven claims—fraud, intentional misrepresentation, negligent misrepresentation, conversion, unjust enrichment, constructive trust, and accounting. Barbara moved for summary judgment, arguing Dean knew about the MVCU account during the dissolution, so the claims were all barred by the applicable statutes of

limitation. The superior court granted summary judgment in Barbara's favor, dismissing Dean's claims.

¶7 Dean timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

## ANALYSIS

¶8 Dean argues the superior court erred by granting summary judgment against him and by not giving him additional time to obtain discovery. Dean also contends Barbara submitted an affidavit in bad faith and challenges the superior court's award of attorney fees to Barbara under A.R.S. § 12-349.

¶9 Barbara argues we should dismiss Dean's appeal, citing numerous procedural defects. We exercise our discretion and address Dean's arguments. *See Varco, Inc. v. UNS Elec., Inc.*, 242 Ariz. 166, 170, ¶ 12 n.5 (App. 2017).

¶10 This court reviews *de novo* the grant of a motion for summary judgment. *Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 199, ¶ 15 (App. 2007). The superior court may grant summary judgment when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Orme Sch. v. Reeves*, 166 Ariz. 305, 309 (1990); Ariz. R. Civ. P. 56(a). The movant bears the initial burden to show there are no genuine issues of material fact. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 114–15, ¶ 12 (App. 2008). If the moving party meets its burden, the burden shifts to the opposing party to produce sufficient evidence showing a genuine issue of material fact. *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 33 (1998).

## I. Barbara established all of Dean's claims are barred by the applicable statutes of limitation.

¶11 Under the discovery rule, a cause of action accrues when "the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995); *see also Coronado Dev. Corp. v. Super. Ct.*, 139 Ariz. 350, 352 (App. 1984) (for fraud and misrepresentation, the statutes of limitation commence "after one has knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry" (citation omitted)).

¶12          In moving for summary judgment, Barbara presented Dean's sworn testimony he was aware of, and had access to, the MVCU account during the dissolution. She also produced an email sent by Dean on November 19, 2011—during the dissolution—saying the MVCU account was "fine." Despite his suspicions Barbara was moving money, Dean intentionally omitted the MVCU account from his request for an *ex parte* temporary restraining order to allow Barbara access to those funds. And, as part of their dissolution, Barbara and Dean were in the process of dividing all marital assets. Ultimately, Barbara and Dean entered into a property settlement agreement knowing of their mutual suspicions.

¶13          If Dean had exercised "reasonable diligence," he would have uncovered Barbara's putative concealment scheme. *See Gust, Rosenfeld & Henderson*, 182 Ariz. at 588. Dean had access to the MVCU account, knew its balance, and suspected Barbara was hiding funds, but voluntarily agreed to allow her to retain the MVCU account. Accordingly, Dean's claims for relief are all time-barred because he filed his complaint almost eight years after he was aware of Barbara's alleged scheme. *See* A.R.S. § 12-542.5 (2 years for conversion); *Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 599 (1994) (citing A.R.S. § 12-542) (2 years for negligent misrepresentation); *Est. of Kirschenbaum v. Kirschenbaum*, 164 Ariz. 435, 437 (App. 1989) (citing A.R.S. §§ 12-542.5, -544.2) (2 years for constructive trust and 4 years for accounting); *Coronado Dev. Corp.*, 139 Ariz. at 352 (citing A.R.S. § 12-543.3) (3 years for fraud and intentional misrepresentation); *San Manuel Copper Corp. v. Redmond*, 445 P.2d 162, 166 (App. 1968) (citing A.R.S. § 12-550) (4 years for unjust enrichment).

¶14          Dean's accounting claim also fails for several reasons. Arizona has recognized claims for accounting only in the professional-negligence context. *See Haldiman v. Gosnell Dev. Corp.*, 155 Ariz. 585, 590–92 (App. 1987) (discussing accountant malpractice); *Lewin v. Miller Wagner & Co.*, 151 Ariz. 29, 35–37 (1986) (same); *Brand v. Elledge*, 101 Ariz. 352, 359–61 (1966) (discussing partnership accounting). Barbara and Dean had not formed a business partnership, and Barbara was not Dean's accountant. Though spouses owe each other a fiduciary obligation, the obligation terminates upon dissolution of the marriage. *See Gerow v. Covill*, 192 Ariz. 9, 18, ¶ 40 (App. 1998). Arizona has never extended an accounting duty to marital-dissolution matters. *Cf. id.* (considering marital-dissolution fraud as a breach of fiduciary duty). Further, the accounting claim is moot because Dean's other claims fail, and it is also barred by the statute of limitations as discussed above. *See supra* ¶ 13.

¶15 For the first time in his reply brief, Dean argues equitable tolling should apply. Equitable tolling permits a plaintiff to sue "after the statutory time period for filing a complaint has expired if [he has] been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *McCloud v. State*, 217 Ariz. 82, 87, ¶ 11 (App. 2007) (citation omitted). The doctrine, however, only applies in extraordinary circumstances. *Id.* at 89, ¶ 20. Dean waived this argument because he first raised it in his reply brief. *State v. Guytan*, 192 Ariz. 514, 520, ¶ 15 (App. 1998). Even so, Dean was aware of the alleged concealment in 2011 and nothing prevented him from further investigating. We decline Dean's invitation to apply equitable tolling because the circumstances here are not extraordinary.

¶16 Dean also complains Barbara submitted an affidavit supporting her summary judgment motion in bad faith. Under Rule 56(h), a party may seek reasonable expenses or other sanctions "[i]f a Rule 56 affidavit is submitted in bad faith." Ariz. R. Civ. P. 56(h). Because Dean neither requested Rule 56(h) relief in the superior court nor meaningfully developed this argument on appeal, he waived this issue. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 5 n.2 (App. 2007) (insufficient argument waives review of claim).

¶17 Accordingly, Barbara met her initial burden to show no genuine dispute of material fact existed for each of Dean's seven claims.

## II. Dean failed to come forward with admissible evidence to establish a material issue of fact.

¶18 Dean bore the burden to controvert Barbara's evidence by showing a genuine dispute of material fact. *See Doe*, 191 Ariz. at 323, ¶ 33. Though Dean now argues he first learned of the concealed funds on August 17, 2018, his sworn testimony and contemporaneous emails show otherwise. Barbara offered evidence showing Dean could access the MVCU account and suspected Barbara was hiding funds, but he failed to investigate any further. Dean came forward with no admissible evidence to establish a material issue of fact. Instead, he only attached a complaint from Barbara's 2017 lawsuit. If a party fails to present facts to controvert the moving party's claims, the facts alleged by the moving party may be considered as true. *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5 (App. 1990). This factual dispute, therefore, is not genuine. *See Martin v. Schroeder*, 209 Ariz. 531, 534, ¶ 12 (App. 2005) ("[a] 'genuine' issue is one that a reasonable trier of fact could decide in favor of the party adverse to

summary judgment on the available evidentiary record"). The superior court did not err in granting summary judgment for Barbara.

¶19        Dean also contends the superior court "should have granted [him] more time to produce supporting evidence." If a party believes it lacks evidence "essential to justify its opposition" to a summary judgment motion, Rule 56(d) allows the party to request a continuance and further discovery. *See* Ariz. R. Civ. P. 56(d).

¶20        But Dean did not request a continuance under Rule 56(d). Absent a Rule 56(d) request, the superior court "does not err in proceeding to rule on a motion for summary judgment." *Wells Fargo Credit Corp. v. Smith*, 166 Ariz. 489, 493 (App. 1990). By failing to request a Rule 56(d) continuance, Dean "in effect conceded that he had sufficient facts to withstand the motion for summary judgment." *Heuisler v. Phx. Newspapers, Inc.*, 168 Ariz. 278, 282 (App. 1991). He may not now argue the superior court entered summary judgment against him prematurely. *See Best v. Edwards*, 217 Ariz. 497, 504, ¶ 30 (App. 2008).

### III.    The superior court did not err when it awarded Barbara attorney fees.

¶21        Finally, Dean argues the court erred in finding he "initiated the litigation without substantial justification, and solely or primarily for the purpose of harassment." We construe this argument to support Dean's general request to reverse the superior court's award of attorney fees to Barbara. Dean did not file a response to Barbara's request for attorney fees. "[A]bsent extraordinary circumstances, errors not raised in the [superior] court cannot be raised on appeal." *Trantor v. Frederikson*, 179 Ariz. 299, 300 (1994) (citations omitted). By not filing a response, Dean waived any objection to the award of attorney fees and may not litigate the issue for the first time on appeal. *See Westin Tucson Hotel Co. v. Ariz. Dep't of Revenue*, 188 Ariz. 360, 364 (App. 1997) (arguments not adequately raised in superior court are waived on appeal). Moreover, the superior court had a "reasonable basis" to award Barbara attorney fees under A.R.S. § 12-349, given Dean's substantial unpaid debts to Barbara and his failure to produce evidence supporting his claims. *See Hale v. Amphitheater Sch. Dist. No. 10*, 192 Ariz. 111, 117 (App. 1998) (a superior court's award of attorney fees will not be disturbed if "any reasonable basis" supports the award).

### ATTORNEY FEES ON APPEAL

¶22        Barbara requests her reasonable attorney fees associated with this appeal under A.R.S. §§ 12-341 and 12-349. Because this is a fraud action

arising out of a consent decree, Dean argues it is not a "contested action arising out of a *contract*" and attorney fees, therefore, are not recoverable under § 12-341.01. (Emphasis added.) We need not resolve the issue because we grant Barbara's request for attorney fees under § 12-349.

**¶23** Courts "shall assess reasonable attorney fees" if a party "[b]rings or defends a claim without substantial justification [or] solely or primarily for delay or harassment." A.R.S. § 12-349. Dean failed to comply with ARCAP 13(a) and included documents outside the record on appeal. Accordingly, we award Barbara her reasonable attorney fees upon compliance with ARCAP 21. As the prevailing party, we also award Barbara her reasonable costs upon compliance with ARCAP 21.

## CONCLUSION

**¶24** We affirm the grant of summary judgment in Barbara's favor.



AMY M. WOOD • Clerk of the Court
FILED:    AA