NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEPHEN MARK HORTON, *Plaintiff/Appellant*,

*v.*

JONATHAN HORTON, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0011

FILED 10-21-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-017444
The Honorable John L. Blanchard, Judge

**AFFIRMED**

COUNSEL

J. Douglas McVay Attorney at Law, Phoenix
By J. Douglas McVay
*Counsel for Plaintiff/Appellant*

Moyes Sellers & Hendricks, Phoenix
By Joshua T. Greer, Natalya Ter-Grigoryan
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

---

**F O S T E R**, Judge:

¶1          Plaintiff Stephen Horton ("Stephen") appeals the grant of summary judgment for Defendant, Jonathan Horton ("Jonathan").[1] Stephen argues that the trial court erred by determining that his claims began to accrue, at the latest, in October 2020. For the reasons below, this Court affirms.

### FACTS AND PROCEDURAL HISTORY[2]

¶2          The following facts are undisputed. Stephen and Jonathan founded, owned and jointly operated Hawaii Technical Environmental Construction Company ("Hawaii Tech"). When Stephen became disabled in approximately 2015, Jonathan took over operations of Hawaii Tech.

¶3          In 2020, as part of a divorce action, Stephen obtained financial records of Hawaii Tech that revealed suspicious transactions between Hawaii Tech's accounts and unidentified persons or entities. Stephen's counsel suggested an investigation commence to determine if Jonathan was mishandling funds and whether Hawaii Tech had sustained a loss from the transactions. On August 26, 2020, Stephen's estranged wife subpoenaed Hawaii Tech's financial records, as part of their divorce proceedings, seeking information on benefits paid to Stephen and Jonathan. After receiving the subpoena, Stephen and Jonathan met with Stephen's counsel on August 28, who informed the pair "that their interests with respect to the subpoena may not align" and suggested that Jonathan and Hawaii Tech should obtain separate counsel to respond to the subpoena. Separately, on

---

[1] The Court respectfully refers to each party by their first name due to both parties sharing the same surname.
[2] When reviewing grants of summary judgment, this Court views "the evidence and reasonable inferences in the light most favorable" to the non-moving party. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).

August 31, Stephen requested that Jonathan voluntarily produce financial documents from Hawaii Tech.

**¶4**         Jonathan contested the subpoena and litigation ensued. On September 17, counsel in the divorce case met and conferred regarding the subpoena issued to Hawaii Tech. In a subsequent letter, counsel for Stephen's wife inquired about a lawsuit against Jonathan based on a fiduciary duty and suggested that Stephen's wife would pursue a lawsuit against Jonathan. Stephen's wife submitted a motion to compel Hawaii Tech to respond to the subpoena on October 1, which the court granted, requiring Hawaii Tech to respond by December 17. Having not received the documents by February 2021, Stephen sent Jonathan a separate request for the documents. Jonathan did not provide documents to Stephen until March 2021.

**¶5**         Upon review of the documents, Stephen determined that he suffered a loss "in excess of 1.5 million dollars." He filed a complaint against Jonathan on November 6, 2023, alleging four tort claims: (1) Pattern of Unlawful Activity (A.R.S. § 13-2314.04); (2) Fraud; (3) Unjust Enrichment; and (4) Constructive Trust and Lien. Jonathan moved for summary judgment arguing that the statute of limitations for Stephen's claims had expired. Following briefing and oral argument, the superior court granted summary judgment on all claims finding that Stephen's claims were time-barred. Jonathan lodged a form of order and Stephen did not oppose. The court entered final judgment pursuant to Arizona Rule of Civil Procedure 54(c) and granted judgment in favor of Jonathan on all of Stephen's claims. Stephen then moved for a new trial, which the court denied after briefing. Stephen appealed.

**¶6**         This Court has jurisdiction pursuant to A.R.S. § 12-120.21(A)(1).

## DISCUSSION

**¶7**         Stephen argues the court erred in determining his fraud claims were time-barred because they did not accrue until March 2021. He seeks remand and reinstatement of his complaint. In response, Jonathan argues that the court correctly determined Stephen's claims were time-barred and that Stephen waived his appeal on all but the fraud claim. Stephen concedes that his appeal is limited only to his claim for fraud.

**¶8**         Summary judgment is appropriate when "there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This Court reviews a

superior court's grant of summary judgment *de novo*. *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 14 (App. 2012). Similarly, the expiration of a statute of limitations is reviewed *de novo*. *Satamian v. Great Divide Ins. Co.*, 257 Ariz. 163, 169, ¶ 11 (2024).

## I. Stephen's evidence supports the expiration of the statute of limitations.

**¶9** Stephen argues the court erred in concluding the statute of limitations began to run in October 2020. Stephen argues he did not discover the facts constituting fraud until March 2021. He contends that because the August 2020 documents could not tell him how much, if any, corporate monies had been taken, he lacked knowledge sufficient to identify that a wrong had occurred and caused injury.

**¶10** When addressing a statute of limitations issue, a court must determine (1) the date plaintiff filed his claim; (2) "the applicable statute of limitations period"; (3) the date the "plaintiff's cause of action accrue[d]"; and (4) whether the statute of limitations period should be "suspended or tolled for any reason." *Porter v. Spader*, 225 Ariz. 424, 427, ¶ 8 (App. 2010). If a defendant affirmatively establishes that the statute of limitations applies, then the plaintiff bears the burden of proving the limitations period was tolled. *See Troutman v. Valley Nat'l Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992).

**¶11** The statute of limitations for fraud is three years but does not begin to accrue "until the discovery by the aggrieved party of the facts constituting the fraud." A.R.S. § 12-543(3). Discovery occurs "when the defrauded party discovers or with reasonable diligence could have discovered the fraud" ("discovery rule"). *Mister Donut of Am., Inc. v. Harris*, 150 Ariz. 321, 323 (1986). However, a plaintiff "need not know *all* the facts underlying a cause of action to trigger accrual." *Satamian*, 257 Ariz. at 170, ¶ 13 (quoting *Walk v. Ring*, 202 Ariz. 310, 316, ¶ 22 (2002)). Rather, "'the core question' of when a claim accrued is not when the plaintiff was conclusively aware" he had a claim, *Cruz v. City of Tucson*, 243 Ariz. 69, 72, ¶ 8 (App. 2017) (quotation omitted), but when the plaintiff knows or should have known the 'who' and the 'what' elements of causation to the point "a reasonable person would be on notice to investigate whether the injury might result from fault." *Kopacz v. Banner Health*, 245 Ariz. 97, 100, ¶ 9 (App. 2018); *see also Lawhon v. L.B.J. Institutional Supply, Inc.* 159 Ariz. 179, 183 (App. 1988) ("The cause of action does not accrue until the plaintiff knows or should have known of both the *what* and *who* elements of causation.").

¶12 Here, Stephen claims the August 2020 documents suggested fraudulent transactions, but he could not determine how much, if any, corporate monies were missing. It is undisputed that these documents satisfied Stephen's knowledge of the 'who' element to trigger accrual. Stephen argues his lack of knowledge as to how much money, if any, was taken left the 'what' element unknown. This Court disagrees.

¶13 The record and Stephen's briefing concede that his fraud claim accrued in August 2020. Stephen admits that "[i]t is undisputed that there were . . . suspicious transactions which could give a reasonable indication whether a fraud occurred at all." That reasonable indication put Stephen on notice to do "what he was expected to do – an investigation." Stephen also admits that he had an obligation and did in fact begin a legally adequate investigation of his claims against Jonathan starting in late August 2020. Stephen's counsel described a discussion in an August 2020 meeting between him, his client and Jonathan. While recounting the meeting, Stephen's counsel said: "I did not tell Jonathan Horton that Plaintiff Stephen Horton was aware that money was missing from the Hawaii Tech accounts." Counsel's declaration admits that Stephen knew money was missing ("what") during his initial meeting with Jonathan in August of 2020. Stephen's pleading also acknowledged Jonathan ("who") was responsible for Hawaii Tech's corporate account.

¶14 Stephen's arguments and the record of repeated requests for Hawaii Tech's financial records show that Stephen pursued an investigation into the alleged fraud by Jonathan as early as August 2020. As a matter of law, based on Stephen's admissions, the date of accrual for the fraud claim was at the end of August 2020.

## II. The statute of limitations for the fraud claim is not tolled.

¶15 Stephen also argues that the statute of limitations should be tolled based on Jonathan's efforts to mislead and delay Stephen's investigation. Specifically, Stephen's counsel alleged that Jonathan's counsel made assurances to Stephen that there was no wrongdoing.

¶16 Positive acts of concealment to avoid detection can toll the statute of limitations. *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 130 (1966). To establish fraudulent concealment, one must show a defendant's intentional acts tended to conceal the cause of action. *Id.* But Jonathan's refusal to produce the financial records voluntarily cannot be said to be a "trick or contrivance intended to exclude suspicion and prevent inquiry." *Id.* Rather, the evidence shows that Stephen and his counsel

continued to distrust and investigate Jonathan, even after he denied wrongdoing. Stephen admitted that in a December 2020 meeting, Jonathan's counsel assured him there was no wrongdoing. Nevertheless, Stephen and Counsel continued to investigate into February of 2021 by asking Jonathan's counsel again for requested financial documents. Stephen's counsel confirmed Stephen's distrust by writing, "[f]rom my client's perspective, Jonathan's refusal to produce those records for evaluation by my client's accountant when my client has an absolute right to see them raises a reasonable presumption that something untoward occurred."

**¶17**        Stephen's continued reliance on Jonathan's failure to produce Hawaii Tech's documents does not toll the statute of limitations. Based on the facts in the record, Stephen has not met his burden of proving the statute was tolled. *See Coronado Dev. Corp. v. Superior Court (Gesky)*, 139 Ariz. 350, 352 (1984) (a plaintiff that continues to distrust a defendant despite defendant's representations but does nothing to investigate further or file a lawsuit, will not toll the statute of limitations).

### III.    Attorneys' Fees.

**¶18**        Jonathan argues that the court should grant attorneys' fees and costs pursuant to A.R.S. § 12-349(A). Section 12-349 permits the court to assess reasonable attorneys' fees if the attorney or party (1) "[b]rings or defends a claim without substantial justification"; (2) "[b]rings or defends a claim solely or primarily for delay or harassment"; (3) "[u]nreasonably expands or delays the proceeding[s]"; or (4) "[e]ngages in abuse of discovery." Section 12-349 "requires a showing of both groundlessness and the absence of good faith." *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 243, ¶ 14 (2024). Stephen brought a colorable claim supported by rational arguments with adequate case law to support his position. He pursued the appeal in good faith and it was not groundless. The request for attorneys' fees is denied.

## CONCLUSION

**¶19** For the foregoing reasons, this Court affirms the superior court's ruling. Jonathan's request for attorneys' fees is denied. A.R.S. § 12-349(A)(1). But as the successful party to this appeal, this Court awards costs to Jonathan upon compliance with Arizona Rule of Civil Appellate Procedure 21. Ariz. R. Civ. App. P. 21; A.R.S. § 12-341.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:           JR